GEORGE CHAPMAN, Sr., Respondent, v. THE CITY OF ROCHESTER, Appellant.

Plaintiff owned and occupied certain premises, across which ran a stream fed by springs of pure water. He collected the water of said stream into an artificial basin and used it for domestic purposes and the propagation of fish, and in winter procured from it a supply of ice. Defendant thereafter constructed sewers, through which, not only surface-water, but the sewage from houses and water closets was discharged into said stream above plaintiff's land, rendering its water unfit for use and covering its banks with filthy and unwholesome sediment. *Held*, that these acts constituted a nuisance, to restrain which, as well as to recover his personal damages, plaintiff could maintain an action.

Also, *held*, that in the absence of proof that plaintiff encouraged the adoption by the defendant of its system of sewerage, or by any act or word induced it to so direct the sewers that the flow from them should reach his premises, plaintiff was not estopped by acquiescence.

One entitled to the use of air or water in its natural condition, and who is injured by its pollution, may maintain an action against the party causing it, whether an individual or a corporation.

(Argued June 4, 1888; decided October 2, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made April 17, 1886, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to restrain the defendant from polluting a natural stream flowing through plaintiff's premises and to recover damages caused thereby. The plaintiff was awarded at Special Term $1,200 damages for present injury and an injunction to restrain the nuisance complained of.

The material facts appear in the opinion.

*Charles B. Ernst* for appellant. The defendant is not liable for any defilement of the stream due to the natural drainage of the area described in the complaint. (*Rutherford* v. *Village of Holley*, 105 N. Y. 632; *Merrifield* v. *Worcester*, 110 Mass. 219, 220; *Washburn & Moen Mfg. Co.*

v. *Worcester*, 116 id. 458.)   The injunction ought not to have
been granted for the reason that the system of sewerage
complained of is the growth of many years, and completed
in the course of those years without any objection on the part
of the plaintiff, and at an extremely large expense to the
defendant or its taxpayers within the territory drained.
(*Elevated R. R. Case*, 3 Abb. N. C. 348, 358, 367, 368, 369;
*Amoskeag Mfg. Co.* v. *Garner*, 6 Abb. Pr. [N. S.] 265,
277 [*n.* 15], 278, 279; *Thursby* v. *Mills*, 11 How. Pr. 116;
2 Story's Eq. Jur. § 959; *Swain* v. *Great Northern Ry. Co.*,
9 Jur. [N. S.] 1196; *Atty. Genl.* v. *N. Y. & L. B. R. R. Co.*,
24 N. J. Eq. 49; *Williams* v. *Earl of Jersey*, Craig & Philips
Chan. R. 92; *Swaine* v. *Seamens*, 9 Wall. [U. S.] 254;
*Jones* v. *Royal Canal Co.*, 2 Molloy, 319; *Odlin* v. *Gove*, 41
N. H. 465; *Wood* v. *Sutcliff*, 2 Jur. [N. S.] 163; *Birming-*
*ham Canal Co.* v. *Lloyd*, 18 Ves. 515; *Ripon* v. *Hobart*, 3
My. & Keene, 169; *Binney's Case*, 3 Bland Ch. 99; *South-*
*ard* v. *Canal Co.*, 1 N. J. Eq. [Sax.] 518; *Hulene* v. *Shreeve*,
5 id. [3 Greene] 116.)   The injunction should not be allowed
to stand for the reason that it asks of the defendant an
impossible act, but if it were otherwise the act required
will be productive of such extreme hardship and so onerous
to the defendant, and of so little benefit to the plaintiff,
it should not be required. (*Trustees of Columbia College*
v. *Thatcher*, 87 N. Y. 311, 317; *Crooke* v. *Flatbush Water-*
*Works Co.*, 27 Hun, 72, 73; *Clark* v. *Rochester, etc.*
*R. R. Co.*, 18 Barb. 350, 355, 356; *Health Dept. of N.*
*Y.* v. *Purden*, 99 N. Y. 237, 241; *T. & B. R. R. Co.*
v. *B. H. T. & W. R. Co.*, 86 id. 108, 126, 127.) As full
compensation can be obtained by the plaintiff in money
damages for any possible injury that may be done him in the
future by reason of the discharge of sewage from the outlet
sewer, and the city of Rochester is amply responsible for any
such damages, the injunction was improperly granted. (*T. &*
*B. R. R. Co.* v. *B. H. T. & W. R. Co.*, 86 N. Y. 108, 123,
126, 127 *Kilbourne* v. *Allyn*, 7 Lans. 352; *Power* v. *Vil-*
*lage of Athens*, 19 Hun, 165, 167, 168; *Savage* v. *Allen*, 54

N. Y. 458, 463; *Balcolm* v. *Julien*, 22 How. Pr. 349, 353; *People* v. *Coffin*, 7 Hun, 608; *Jerome* v. *Ross*, 7 Johns. Ch. 315.) If there has been any further or other pollution of said stream than that due to the natural drainage of the area described in the complaint, such pollution is not the act of the defendant as a municipal corporation, but is the act or acts of the inhabitants of the city of Rochester residing within said area, and for any damages resulting to the plaintiff therefrom the city of Rochester, as such, is not liable. (*Chipman* v. *Palmer*, 77 N. Y. 51, 54.)

*J. A. Stull* for respondent. The defendant was liable to plaintiff on account of the nuisance and injuries complained of. (*Catlin* v. *Valentine*, 9 Paige, 575; *Delaney* v. *Blizzard*, 7 Hun, 7; *Snow* v. *Williams*, 16 id. 468; *Francis* v. *Schoelkopf*, 53 N. Y. 152; *Jutte* v. *Hughes*, 67 id. 267; *Adams* v. *Popham*, 76 id. 411; *Balt. & Pot. R. R. Co.* v. *Fifth Baptist Church*, 108 U. S. 307; *Weet* v. *Village of Brockport*, 16 N. Y. 161, note; *Bradt* v. *City of Albany*, 5 Hun, 12, 491; *Beach* v. *City of Elmira*, 22 id. 158, 163; *Byrnes* v. *City of Cohoes*, 67 N. Y. 204–207; *Noonan* v. *City of Albany*, 79 id. 470; *Seifert* v. *City of Brooklyn*, 101 id. 136; *Gould* v. *City of Rochester*, 105 id. 46.) As the injury disclosed by the facts, as found by the trial court, in this case is a constant, continuous and increasing nuisance, for which damages, allowed by a court of law, would afford but a very incomplete and inadequate remedy, the plaintiff is entitled, in addition to the damages for the injury which he had suffered down to the date of the trial, to a perpetual injunction restraining the further continuance of the nuisance, and preventing the discharge of the contents of city sewers into the creek, and the pollution of the waters of the plaintiff's pond thereby. [Wood on Nuisances, § 801; *Mulligan* v. *Eliot*, 12 Abb. [N. S.] 259; *McKeon* v. *See*, 4 Robt. 449; affirmed, 51 N. Y. 330; *Atty-General* v. *Council of Borough of Birmingham*, 4 Kay & J. 258; *Spokes* v. *Banberry Board of Health*, Eq. Case, 42; *Atty-General* v. *Proprietors of Bradford Canal*, L. R., 2 Eq.

Cas. 71; *Goldsmidt* v. *Tunbridge Wells Improvement Com'rs*, L. R., 1 Ch. App. Cas. 348; *Atty-General* v. *Colney Hatch Lunatic Asylum*, L. R., 5 id. 146; *Atty-General* v. *Leeds Corporation*, Id. 583; *M. S. & L. R. R. Co.* v. *Board of Health*, 23 Beav. 198.) The allowance to the plaintiff of $1,200 damages against the defendant, as was done by the trial court, was also proper. (Code of Civ. Pro. § 1662.) Depreciation of the rental value of plaintiff's premises and all their appurtenances; injury to the ice business; destruction of fish in his pond, as well as its use and enjoyment generally, making the pond itself a source of discomfort and disease, and changing entirely its character; the annoyance and discomfort caused by the nuisance in various ways; the sickness, pain and distress occasioned by the nuisance to the plaintiff, were proper elements of the damages allowed. (*Wiel* v. *Stewart*, 19 Hun, 272; *Francis* v. *Schoelkopf*, 53 N. Y. 152; Wood on Nuis. §§ 353, 854.)

DANFORTH, J. The plaintiff was the owner and occupant of certain premises, containing more than four acres of land, in the town of Brighton, adjoining the city of Rochester, and watered by a stream known as "Thomas creek," which, rising in that city and fed by springs of pure water, ran northwardly and across the plaintiff's premises into Irondequoit bay. He collected its water into an artificial basin, making it serve as well for domestic uses as the propagation of fish, and from it, in due season, he also procured a supply of ice.

The defendant thereafter constructed sewers, and through them discharged not only surface water, but the "sewerage from houses and the contents of a large number of water-closets" into "Thomas creek," above the plaintiff's land, with such effect as to render its water unfit for use, and cover its banks with filthy and unwholesome sediment. These and other facts well warranted the conclusion of the trial court that the act of the defendant, in thus emptying its sewers, constituted an offensive and dangerous nuisance.

Moreover, the plaintiff is found to have sustained a special

injury to his health and property from the same cause, and we find no reason to doubt that he is entitled not only to compensation for damages thereby occasioned, but also to such a judgment as will prevent the further perpetration of the wrong complained of. (*Goldsmid* v. *Comrs.*, 1 Eq. Cas. 161; 1 Ch. App. Cas. 348.)

In view of the principle upon which these and like decisions turn, the objections of the learned counsel for the defendant, against the judgment appealed from, are quite unimportant. The filth of the city does not flow naturally to the lands of the plaintiff, as surface water finds its level, but is carried thither by artificial arrangements prepared by the city, and for which it is responsible. Nor is the plaintiff estopped by acquiescence in the proceedings of the city in devising and carrying out its system of sewerage. The principle invoked by the appellant has no application. It does not appear that the plaintiff in any way encouraged the adoption of that system, or by any act or word induced the city authorities to so direct the sewers that the flow from them should reach his premises. There is no finding to that effect, and the record contains no evidence. In fine, the case comes within the general rule which gives to a person injured by the pollution of air or water, to the use of which, in its natural condition, he is entitled, an action against the party, whether it be a natural person or a corporation who causes that pollution.

The judgment appealed from should, therefore, be affirmed, with costs, but without prejudice to an application by the defendant to the Supreme Court for such further stay of the issuing of the injunction awarded by it, as may, under the circumstances of the case, seem to that court proper.

All concur.

Judgment accordingly.