HENRY L. BUTLER, Appellant, *v.* THE VILLAGE of EDGEWATER, Respondent.

*N. Y. Supreme Court, Second Department, General Term, June* 28, 1889.

1. *Municipal corporation. Drainage.*—A village has no right to collect drainage and cast it upon private land, where it has taken no proceedings to obtain a title to do these acts upon such land.
2. *Same. Sewerage.*—It is liable for a defect in the conduit made use of in its system of sewerage.
3. *Same. Natural watercourse.*—Where the bed of a sewer was originally a natural watercourse, a village cannot destroy it by collecting impure drainage and casting the same into it.

Appeal from a judgment granting an injunction.

*Wm. M. Mullen*, for appellant.

*Charles J. Babbitt*, for respondent.

BARNARD, P. J.—The plaintiff is the owner of lands in the village of Edgewater.  When he purchased in 1869 there was a small natural watercourse upon it.  Subsequently the legislature, by chapter 838, Laws of 1869, made a drainage district, which included the plaintiff's premises.  The commissioners under this act made a system of works to effect the purpose of the act across the plaintiff's property.  The plaintiff's lands were never condemned, but the work

was carried on against his protest. The system was imperfectly made, and in 1878 the pipes burst in worn places and flooded the plaintiff's property with filth. The plaintiff then cleared up the pipes by which this sewerage poured upon his property. The defendants then constructed a cesspool in the avenue opposite the place where the plaintiff had cleared the pipes, and connected this cesspool by a sewer under St. Mary's avenue with another cesspool near New York avenue. A sewer was connected with this cesspool, and it was continued across St. Mary's avenue to the edge of the plaintiff's property where the old watercourse was, and then discharged it on the surface so that the contents were cast on the plaintiff. The village then dug an open ditch to carry the flowings to the New York avenue, near Chestnut avenue, using an old stone conduit built by plaintiff. This conduit was insufficient and has broken in different places, and the sewerage escapes and becomes very offensive and seriously injures the plaintiff's property, and his enjoyment of the same. The village has taken no proceedings to obtain a title to do these acts upon the plaintiff's property. The defendant had no right to collect drainage and cast it upon the plaintiff's land. Noonan *v.* City of Albany, 79 N. Y. 740.

The defendant is liable for a defect in the conduit made use of in its plan of sewerage. Seifert *v.* City of Booklyn, 101 N. Y. 136.

If the bed of the sewer was a natural watercourse originally, the defendant could not destory it by collecting impure drainage and casting the same in it.

The case seems to be fully embraced within the principles established in the case of Chapman *v.* City of Rochester (110 N. Y. 273; 18 N. Y. State Rep. 133) as to all the points urged by appellant, and the judgment should, therefore, be affirmed with costs.

PRATT, J., concurs.