JAMES H. HOOKER, Respondent, v. THE CITY OF ROCH-
ESTER, Appellant.

*Court of Appeals, March 17, 1891.*

Affirming 59 Hun, 616, mem.

1. *Trial. Findings.*—Where, in an equity action, the verdict covers the whole ground of controversy on the facts, and the right to the relief sought follows upon the adoption, by the court, of the finding of the jury, the court may, upon adopting such finding, direct judgment without further trial.
2. *Same.*—In such case, the omission of the court to make findings of fact and law is an irregularity merely. The remedy of the defeated party, if he is entitled to any, is by motion.

Appeal from judgment of the supreme court, general term, fifth department, affirming judgment upon verdict at circuit on issues framed in an action for maintaining a nuisance, and by which also the defendant was permanently enjoined from continuing such nuisance after October 1, 1889.

*Henry J. Sullivan*, for appellant.

*Eugene Van Voorhis,* for respondent.

ANDREWS, J.—There seems to be no reasonable ground for this appeal. This was an equitable action for an injunction and for damages. The right of the plaintiff to damages has been adjudicated by three several judgments in his favor, recovered prior to the present one, based upon the same wrong, the cases differing only in respect of the period for which damages were given for the nuisance complained of. The right to an injunction follows as a matter of course from the continuing character of the injury, and this also has been adjudicated in other actions by other parties similarly situated. Chapman *v.* City of Rochester, 110 N. Y. 273 ; Jackson *v.* Same, 35 Id. 73.

The sole ground of the appeal is that it was irregular for the judge at special term to make an order for judgment for the damages found by the jury, and for an injunction, without trial of the question whether the plaintiff was entitled to equitable relief and a decision stating the findings of fact and law. There was but one issue of fact in the case, and that was submitted to the jury and was found in favor of the plaintiff. The plaintiff's attorney then moved at special term upon notice for judgment upon the verdict and for an injunction.

The defendant's attorney on the hearing of the motion contented himself with objecting simply, without suggesting that there was further evidence in the case, or that there was any informality in the application. The order for judgment recites that it was made on the pleadings, the verdict and the evidence in the case, and the court, without making any special findings, ordered judgment in favor of the plaintiff for damages as found by the jury, and for an injunction, and pursuant thereto judgment was entered. The appeal is from the order and judgment. It must be assumed that the court adopted, as it had a right to do, the verdict of the jury upon the issue of fact. There was then nothing left to be tried.

The verdict covered the whole ground of controversy on the facts, and the right of the plaintiff to an injunction followed upon the adoption by the court of the finding of the jury. See Hammond *v.* Morgan, 101 N. Y. 179 ; Acker *v.* Leland, 109 Id. 5.   The correct practice was for the judge to have made a finding of fact and law ; but this was an irregularity merely.   The defendant's counsel did not, so far as appears, object to the form of procedure, or make any request for a formal trial or findings.   It would be the sheerest technicality to reverse the judgment or order for the reasons suggested If the defendant was entitled to any relief, the remedy was by motion.

The judgment and order should be affirmed, with costs.

All concur.