127 591<br>162 590

The New York Central and Hudson River Railroad Company et al., Respondents, *v.* The City of Rochester, Impleaded, etc., Appellant.

A municipality may not empty its sewers upon private property, without acquiring the right so to do.

A parol license that the sewage from a particular district may be discharged upon private property does not authorize the discharge thereon of the sewage from a much larger territory.

When a municipal corporation discharges or threatens to discharge sewage from the outlet of a permanent sewer directly upon private lands without having acquired the right so to do, the owner is entitled to the judgment of a court of equity restraining the injury committed or threatened; he is not confined to a recovery of his damages in actions of trespass.

Upon trial of an action to restrain defendant, a municipal corporation, from discharging sewage upon lands of a railroad company, it was assumed in the questions to and answers of the witnesses that the lands so occupied were owned by the company, and in the resolutions of defendant's common council relating to the matter, said lands were referred to as belonging to said company. The question of title was not raised on the trial, and no motion was made to dismiss the complaint on the ground that the company had failed to establish title, and no requests to find such fact were made. The court found that the com-

pany owned the land, and defendant excepted. *Held*, that defendant could not raise the objection on appeal that plaintiff failed to establish a title, except such as is presumed from possession.

(Argued June 24, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of June, 1888, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

*John Van Voorhis* for appellant. The complaint states no cause of action and the evidence proves none in favor of the plaintiffs other than the corporation. (*Morgan* v. *City of Binghamton*, 102 N. Y. 500; 2 Dillon on Mun. Corp. §§ 731, 735; *Gray* v. *City of Brooklyn*, 7 Hun, 632; *Ely* v. *City of Rochester*, 26 Barb. 133.) The New York Central and Hudson River Railroad cannot maintain this action. (*Morgan* v. *City of Binghamton*, 102 N. Y. 500.) The city had a right to acquire these lands, on which this ditch was, for the purposes of an outlet for its sewer. It could acquire them by condemnation or by purchase. It could acquire them in no other way. (Laws of 1871, chap. 476.) The authority which the city attempted to exercise is of a public nature and for the interest, necessities and convenience of the public, and cannot be interfered with by injunction. (*Ely* v. *City of Rochester*, 26 Barb. 133; *Gray* v. *City of Brooklyn*, 7 Hun, 632; *Kelsey* v. *King*, 32 Barb. 410; *Swett* v. *City of Troy*, 62 id. 630; *Morgan* v. *City of Binghamton*, 102 N. Y. 500.) The threatened injury is not irreparable and can be compensated for in damages. An injunction will not be granted in such a case. It is at most a mere trespass. (*Murray* v. *Knapp*, 62 Barb. 566; *Blooming* v. *Sherman*, 19 Wkly. Dig. 30.)

*Edward Harris* for respondents. The city has no right to throw the sewage now passing through the Upton Park outlet sewer into the railroad company's ditch and the company was entitled to its injunction. (Angel on Water-courses, § 108;

Gould on Water, § 271; *Noonan* v. *City of Albany*, 79 N. Y. 470; *Byrnes* v. *City of Cohoes*, 67 id. 204; *Beach* v. *City of Elmira*, 22 Hun, 158.) The railroad company has the right to revoke its license at any time and has done so. (*Wiseman* v. *Lucksinger*, 84 N. Y. 31.)

Follett, Ch. J. Prior to 1875, the city of Rochester constructed a sewer, extending from East avenue northerly through a street known as Upton park, which received the contents of several sewers lying westerly of and emptying into it. In 1875, the city constructed another sewer, beginning at a point in East avenue forty feet east of the west line of land then owned by Henry E. Hooker, extending easterly in said avenue about one-half mile to Culver street; thence northerly in that street about fifteen hundred feet to the land of the New York Central and Hudson River Railroad Company where it discharged into an open ditch maintained by the railroad, which ditch passed by a culvert under and to the north of the railroad tracks; thence easterly along the north side of the tracks about eighty rods to Thomas creek, where it discharged. The expense of constructing this sewer, known as East avenue sewer, was paid by taxes collected from the property directly benefited by it. No right was acquired by the city to discharge the contents of East avenue sewer into the ditch on the lands of the railroad, but the railroad permitted it to be done. In 1880, the city began to construct a sewer for the purpose of uniting the two sewers mentioned, so as to cause the sewage which had theretofore been discharged northerly through Upton park sewer, to flow through East avenue sewer and be discharged into the ditch of the railroad.

This action was begun by the railroad, and several persons whose buildings were drained into East avenue sewer, to restrain the city from making the connection, and thereby greatly increasing the quantity of sewage flowing in this sewer and ultimately upon the lands of the railroad.

The court found that there was no natural right of drainage from this part of the city through the railroad ditch; that no

right had been acquired to discharge this additional sewage upon the lands of the railroad, and that when this action was begun, the railroad had revoked the license by which it had permitted the contents of East avenue sewer, as originally constructed, to be discharged upon its land.    It is plain that a city cannot empty its sewers upon private property without acquiring the right so to do (*Noonan* v. *City of Albany*, 79 N. Y. 470), and it is equally plain that a parol license that the sewage from a particular district may be discharged upon private property, does not authorize the discharge of the sewage from a much larger territory upon the property.    (*Wheelock* v. *Noonan*, 108 N. Y. 179.)    The trial court so held, and restrained, in behalf of the railroad, but not in behalf of the individual plaintiffs, the city from connecting Upton park sewer with East avenue sewer, and turning the sewage from the former into the latter.    A judgment was entered upon this decision, which was affirmed at General Term.

When a municipal corporation discharges, or threatens to discharge, sewage directly upon private lands from the outlet of a permanent sewer without having acquired the right, the owner is entitled to restrain the injury committed, or threatened, by the judgment of a court of equity, and is not confined to a recovery of his damages in actions of trespass. (*Beach* v. *City of Elmira*, 22 Hun, 158; *Chapman* v. *City of Rochester*, 110 N. Y. 273; *Stoddard* v. *Village of Saratoga*, 127 id. 261; *Campbell* v. *Seaman*, 63 N. Y. 568; *Murdock* v. *Prospect P. & C. I. R. Co.*, 73 id. 579; *Poughkeepsie Gas Co.* v. *Citizens' Gas Co.*, 89 id. 493; *Wheelock* v. *Noonan*, 108 id. 179; Snell's Eq. [9th ed.] 687, 689; 2 Story's Eq. Juris. § 928.)

The defendant excepted to the finding that the railroad company owned the land occupied by it, and upon which the ditch was constructed, and insists that there is no evidence to sustain the finding.    On the trial it was assumed, in the questions put to, and in the answers given by the witnesses, that the lands occupied by the railroad were owned by it, and in the resolutions of the defendant's common council relating to this sewer,

the lands are referred to as belonging to the railroad.  The question of title was not raised on the trial, nor was a motion to dismiss the complaint made on the ground that the railroad company had failed to establish title to the land upon which the sewage was emptied.  The defendant preferred no requests to find facts, and the objection that the defendant did not establish a paper title, or any except such as is presumed from possession, cannot, under such circumstances, be successfully raised on appeal.

It is urged that the decision of the court and the judgment following it, which restrains the city from making any connection between Upton park sewer and East avenue sewer, and turning the sewage from the former into the latter, is too broad.  It is said that the effect of this provision is to prevent the city from constructing such sewers and making such connections between them as may be found necessary.  The whole purpose of the action was to restrain the city from discharging more sewage upon the lands of the railroad than it had consented to receive.  To such a judgment the plaintiff established a right, and beyond that we do not think the Supreme Court intended to go.  Nevertheless, the judgment, by its terms, goes further.  It may well be that some place other than the lands of the railroad will be found for receiving the contents of these sewers, in which event the city should be free to make such connections as may be found expedient.

The judgment should be modified by inserting before the final clause the following : " The provision in this judgment restraining the city of Rochester from connecting the Upton park sewer and East avenue sewer, and from turning the sewage from the former into the latter, shall not continue in force after the city shall provide a place for its discharge other than on the lands of the railroad company."

As modified, the judgment should be affirmed, without costs to either party.

All concur, except Bradley and Haight, JJ., not sitting.
Judgment accordingly.