(Judge Norris of the third circuit taking the place of Judge Douglass.)

MANSFIELD (CITY) v. WILLIAM T. HUNT.

1. NUISANCE TO LANDS OF RIPARIAN OWNER BY CORRUPTING WATER COURSE.

    A municipal corporation that constructs a system of sewers whereby it discharges its sewage into a natural water course above a riparian owner's land, rendering the waters of the stream unfit for use by corrupting and polluting the same, causing unwholesome, noxious and offensive odors and fumes to arise therefrom, to the special and substantial injury of such riparian owner and occupant of the premises, is liable in damages to such riparian owner for causing and maintaining a nuisance.

**2. RIGHT OF RIPARIAN OWNER TO WATERS OF A STREAM.**

A riparian owner is entitled to the use and enjoyment of the waters of a stream in its natural condition of purity; and if such owner be injured by its corruption and pollution, he may maintain an action against the party causing it, whether an individual or a municipal corporation.

**3. WHEN ACTION ACCRUES—STATUTE OF LIMITATIONS.**

When a municipal corporation or an individual commits a nuisance or an act of trespass upon the lands of another, and thereby injures such other and to the full extent that such act will ever injure him, such municipal corporation or individual is liable at once for such act and its effects, and the time of the statute of limitations runs from the time of such commission of the nuisance or act of trespass. But where the wrong complained of is a continuing nuisance or trespass, until such continued nuisance or trespass by adverse use ripens into a presumptive right and estate in the wrong-doer, the injured party may bring his action.

**4. NUISANCE TO HOMESTEAD—MEASURE OF DAMAGES.**

When the nuisance complained of is of such a character as can be removed by removing the cause thereof, or for the continuance of which a second or third action may be maintained, or which may be abated by the order of a competent court, and the injury to the premises already inflicted is not of a permanent nature, the rule that in actions for nuisance the measure of damages is the difference between the market value of the land before and after the occurence of the injury, is not the rule for assessing damages.

**5. NUISANCE AND INJURY NOT PERMANENT—MEASURE OF DAMAGES.**

But when the nuisance and injury are not of a permanent character, and the injured party is the owner and occupant of the premises as his homestead, the rule for the measure of damages would not be limited to rental value to the property alone, but would include inconvenience and discomfort suffered and the deprivation of the comfortable enjoyment thereof by himself and his family; and includes such additional sum as will compensate him for loss of time and expenses caused by sickness of himself and family due to the nuisance. The recovery is only limited to the actual damage sustained.

ERROR to the Court of Common Pleas of Richland county.

VOORHEES, J.

Plaintiff's action was brought November 8, 1897, to recover damages to his lands and premises, situate in this county and which are particularly described in his petition, caused by the city of Mansfield discharging sewage by its system of sewers emptying into a natural water course of pure and wholesome water, known as Rocky Fork of the Mohican river, which water course runs through the lands of the plaintiff.

Plaintiff alleges ownership in fee and occupancy of the premises as his homestead for more than twelve years prior to the commencement of this action; the city of Mansfield is a municipal corporation and that it established and constructed a system of sewers having an outlet into said stream or water course above the premises of the plaintiff; that said system of sewers was established and constructed about twelve years prior to the commencement of said action, and ever since the construction of the same, it has discharged the sewage of said city into said stream, whereby its waters became and ever since have continued to be corrupted and polluted, causing the same to emit noxious and offensive fumes and odors to the annoyance, inconvenience and injury of the plaintiff and his family in the occupancy and use of said premises, causing said waters of said stream to become unhealthy and unfit for domestic use, destructive to fish therein, thus causing substantial and special injury and loss to the plaintiff in his rights in the enjoyment, use and benefit of the waters of said stream in its natural purity, and in causing

the air to be filled with noxious, unwholesome and offensive odors and fumes arising therefrom. That by reason of the premises, the plaintiff sustained special and substantial injury in the use and occupancy of his said lands; that himself and family frequently became and were made sick in consequence thereof, and in the use and occupancy of his said premises and lands he was greatly inconvenienced, annoyed, and injured to his damage in the sum of $1000.00.

The city in its answer admits that it is a municipal corporation and that it constructed said system of sewers, and denies every other allegation in the petition; and as a second defense pleads the statute of limitations of four years. To which second defense the plaintiff replies by denying its allegation.

The cause was tried at the September Term, 1898, of the common pleas court to a jury, resulting in a verdict for the plaintiff for damages in the sum of $200.00

Motion for new trial was overruled, and the city prosecutes error to this court assigning many grounds therefor.

It will not be necessary to consider all the errors assigned, as they are not all urged upon our consideration. The errors relied upon by the city are:

First—That the plaintiff has no cause of action against the city.

Second—If plaintiff had a cause of action, it was barred by the statute of limitations; and

Third—If plaintiff was entitled to recover, that the court erred in its instructions to the jury as to the rule of damages in the action.

We will consider the questions in their order:

First—Is the city liable in damages to the plaintiff for creating a nuisance, by corrupting and polluting the stream described in his petition, by discharging therein through a lawful system of sewers, sewage, from the city?

There is no complaint that the system of sewers is defective, or that the system was unlawfully constructed.

The view we take of the case renders it immaterial whether the city was or was not negligent in constructing a system of sewers, whereby it discharged its sewage into a stream or natural water course like the one described in the petition, namely, a creek.

By sec. 2370 Rev. Stat., relating to sewers of a municipal corporation, it is provided for the main or principal sewers in a system to have an outlet in a river or other proper place. Whether this would include a stream of the size of the creek in question, we will not determine.

We will proceed to consider the question on the theory that the city had the right to construct its system of sewers with an outlet into the stream or creek described in the petition, and that there was no fault in the construction either as to plan or in the execution of the work.

If the city discharged its sewage into the stream above the lands of the plaintiff and thereby caused special and substantial injury to him in his property right by corrupting and polluting the waters of said stream, is it liable in an action for damages for maintaining a nuisance?

The gravamen of the complaint, is, that the plaintiff was injured in his property right in the stream, and by the offensive and noxious odors arising from the stream, corrupted and polluted by the sewage of the city being discharged therein. In other words, the charge is that the city constructed a system of sewers and thereby discharged **sewage**

into this stream, corrupting and polluting its waters, whereby special and substantial injury and damage resulted to the plaintiff.

A nuisance is anything, not authorized by law, which causes hurt, inconvenience or damage to another. It may be (1) private, as where one so uses his property as to damage another's, or disturbs his quiet enjoyment of it; (2) public or common, where the whole community is affected, annoyed or inconvenienced by the offensive acts, as where one obstructs the highway, or carries on a trade that fills the air with noxious or offensive fumes. Village of Gardington v. Adm'r of Fredericks, 46 Ohio St., 446.

When the act complained of is in itself lawful, yet if actual injury is done to the plaintiff, a right of action ensues. Col. Gas Light & Coke Co. v. Freeland, 12 Ohio St., 392-397; Crawford v. Rambo, 44 Ohio St., 279.

A municipal corporation is liable the same as an individual for causing or maintaining a nuisance. Chapman v. Rochester, 110 N. Y., 273; Robison v. Greenville, 42 Ohio St., 625; Tiffin v. McCormick, 34 Ohio St., 638, 643.

Wood on Nuisance, sec. 677, says: "The right of a riparian owner to have the water of a stream come to him in its natural purity is as well recognized as the right to have it flow to his land in its usual flow and volume. But, in reference to this as with the air, it is not every interference with the water that imparts impurity thereto that is actionable, but only such as imparts to the water such impurities as substantially impair its value for the ordinary purposes of life, and renders it measurably unfit for domestic purposes, or such as causes unwholesome or offensive vapors or, odors to arise from the water, and thus impair the comfortable or beneficial enjoyment of property in its vicinity, or such as while producing no actual sensible effect upon the water, are yet of a character calculated to disgust the senses, such as the deposit of carcasses of dead animals therein, or the erection of privys over a stream, or any other use calculated to produce nausea or disgust in those using the water for the ordinary purposes of life, or such as impair its value for manufacturing purposes."

The fact that the public convenience, or that the preservation of public health requires that the sewage of a town shall be removed, and that there is no other method by which it can be disposed of except to discharge it into a running stream, will not justify its discharge there to the injury of riparian owners. Wood on Nuisance, 2 Ed. sec., 434. Neither does it make any difference or in any measure operate as an excuse, that the nuisance cannot be obviated without great expense. Neither is it any defense to an action for a nuisance, resulting from the pollution of water or otherwise, that other persons are also contributing to the injury in the same way with the defendant; the fact that others are committing a wrongful act is no excuse for another's wrong. It may in a proper case be shown in mitigation of damages, but not to defeat the action. Wood on Nuisance, sec. 435; Gould on Waters, sec. 222; Arimond v. Greenbury Canal Co. 35 Wis., 41; 31 Wis., 316; 3 Sutherland on Damages (2 Ed.) sec. 1059; Chicago etc., R. R. Co. v. Hoag, 90 Ill., 339; Cobb v. Smith, 38 Wis., 21.

One entitled to use the air or water in its natural condition, and who is injured by its pollution, may maintain an action against the party causing it, whether an individual or a corporation. Chapman v. Rochester, 110 N. Y., 273.

Mansfield v. Hunt.

In the case last cited the plaintiff owned and occupied certain premises across which ran a stream fed by springs of pure water. He collected the water of said stream into an artificial basin and used it for domestic purposes, and the propogation of fish, in winter procured from it a supply of ice. Defendant thereafter constructed sewers, through which, not only surface water, but the sewage from houses and water closets were discharged into said stream above plaintiff's land, rendering its water unfit for use and covering its banks with filthy and unwholesome sediment: Held, that those acts constituted a nuisance, to restrain such, as well as to recover his personal damages, plaintiff could maintain an action.

It has been generally understood to be well settled rule of law no one has the right to pollute a stream to the detriment of riparian proprietors. But there are a few cases which modify it. Some modification of the rule prevails in Massachusetts, as in the case of Merrifield v. Worcester, 110 Mass., 216; 14 Am. Rep., 592, where it was held that a municipal corporation is not liable for casting sewage into a stream by a properly constructed system of sewers, unless it is made so by statute. But a later case, Morse v. Worcester, 139 Mass, 389, holds that the use of the stream for such purpose must not be made a nuisance unless it is absolutely necessary, and that the city may be liable if it neglect in the manner of constructing its sewer system, or in failing to purify the sewage before it enters the stream, providing this can be done at reasonable expense. The weight of authority, however supports the doctrine as announced in the New York case, *supra.*

If the plaintiff in this action sustained a special and substantial injury to his property rights and to the health of himself and family, by reason of the corrupting and polluting of the stream by the act of the city in discharging its sewage therein, we hold the city to be liable therefor.

Second—Is the plaintiff's action barred by sec. 4982, Rev. Stat.

The plaintiff's action was commenced on November 8, 1897, twelve years after the defendant city had constructed its system of sewers and had commenced to discharge sewage into the stream described in the petition. The defendant city contends that as the action was commenced November 8, 1897, more than four years after the completion of said sewers, that it is barred by sec. 4982, Rev. Stat., as more than four years had passed since the stream was corrupted, as alleged in the petition.

When a municipal corporation or an individual commits a nuisance or an act of trespass upon the lands of another, and thereby injures such other and to the full extent that such act will ever injure him, such municipal corporation or individual is liable at once for such act and its effects, and the time of the statute of limitations runs from the time of such commission of the nuisance or act of trespass. But where the wrong complained of is a continuing nuisance or trespass, until such continued nuisance or trespass by adverse use ripens into a presumptive right and estate in the wrongdoer, the injured party may bring his action. Valley Ry. Co. v. Franz, 43 Ohio St., 623.

It is alleged in the petition and the record shows, that the city has caused its sewage to be discharged into said stream continuously for twelve years next preceding the time of the bringing of this action, to the special and substantial injury of the plaintiff; and that it has ever since in the same way and manner continued to corrupt the waters of said

stream to his damage. We, therefore, hold that suit could be brought for such injury at any time within twenty-one years from the completion of said act of nuisance or trespass, causing such injury; but damages could only be recovered for injuries resulting therefrom within a period of four years next preceding the bringing of the action. To this extent, such damages would not be barred by sec. 4982, Rev. Stat.

Third—If the plaintiff was entitled to recover in this action, what is the measure of damages?

It is alleged in the petition and the record shows, that the plaintiff sustained special and substantial injuries as a result of the corrupting and polluting of said stream by the city discharging its sewage therein, whereby the waters of said stream were rendered impure and unwholesome, causing offensive and noxious odors and fumes to arise therefrom, making said waters unfit for domestic use, to the annoyance, inconvenience and injury of the plaintiff and his family in the occupancy and use of said premises, and in the use and benefit of the waters of said stream in its natural purity, and in causing the air to be filled with noxious, unwholesome and offensive odors and fumes arising therefrom; and that plaintiff and his family frequently became and were made sick in consequence thereof, and that the rental value of his said premises became depreciated and rendered less valuable, and by interfering with the comfortable enjoyment of his residence on said lands and in destroying a valuable appurtenance to his land, by preventing the waters of said stream to come to him in its natural purity.

In case of injury to the extent and of the character as is alleged in this petition and sustained by this record, what is the measure of damages?

The nuisance complained of is not necessarily of a permanent character. That is, it is not such an injury as would remain permanent and continue if the cause of the nuisance were abated or removed. If the cause of the injury, namely, the discharging into the stream sewage from the sewers of the city, were stopped or removed, then the stream in a reasonable time would purify itself and the waters thereof would be restored to their former natural purity, and all the injurious effects from the pollution and corruption of the stream would be removed, and the plaintiff's premises would be restored to their former usefulness and comfortable and profitable enjoyment. The nuisance in this case being of such a character as can be removed by removing the cause thereof, or for the continuance of which a second or third action may be maintained, or which may be abated by the order of a competent court, and the injury to the premises already inflicted not being of a permanent nature, the rule that in actions for nuisance, the measure of damages is the difference between the market value of the land just before and immediately after the occurence of the injury is not the rule for assessing damages. Railroad v. Lersch, 58 Ohio St., 639-652-653; Pinney v. Berry, 61 Mo., 359; Shively v. Ry. Co., 74 Iowa, 169; 7 Am. St., 471; Loughran v. City, 72 Iowa, 382; Francis v. Schoelkoph, 53 N. Y. 152. But in such a case as this, the nuisance not being of a permanent character, and the injury to the premises already inflicted not being of a permanent nature, and the plaintiff being the owner and occupant of the premises as his homestead, the rule for the measure of damages would not be limited to damages sustained by reason of the depreciation of the rental value of the property alone, but would entitle a recovery for the incon-

venience and discomfort suffered and the deprivation of the comfortable enjoyment of the property by himself and family. Where the premises affected by the nuisance are occupied by the plaintiff and his family as his homestead, it would be vain to endeavor to determine plaintiff's damages simply by enquiring as to the rental value of his homestead. It was not for rent, and may not have been so constructed or so located to be sought for by tenants. Yet it may have been well adapted to the wants, convenience and tastes of plaintiff and his family. To them it was a home, and the deprivation of the comforts enjoyed by plaintiff and his family could not be compensated by estimating its rental value alone. Wood on Nuisance, sec. 866; 3 Sutherland on damages, sec. 1049; 5 Am. & Eng. Enc., of Law, ( 1 Ed.) pg., 38 and 39; Randolph v. Bloomfield, 77 Iowa, 50; 14 Am. St., 268; Brown v. Railway Co., 80 Mo., 475; Peirce v. Wagner, 29 Minn. 355; Emery v. Lowell, 109 Mass , 197.

While rental value may be the subject of inquiry in some cases, in order to determine the damages, it is plain that when the enjoyment of a homestead, as in this case, was diminished, the true rule of the measure of damages requires the owner to be compensated therefor. In a case for injury to the comfortable enjoyment of property, by the owner and occupant thereof, no precise rule for ascertaining the damage can be given, as in the very nature of things, the subject matter affected is not susceptible of exact measurement, therefore the jury must be left to say what in their judgment the plaintiff ought to have in money, and what the defendant ought to pay, in view of the discomfort or annoyance to which the plaintiff and his family have been subjected by the nuisance, together with such additional sum as will compensate plaintiff for loss of time and expenses caused by sickness of himself and family due to the nuisance. The recovery is only limited to the actual damage sustained.

From this view of the law as to the rule for assessing damages in this case, we find no error in the record in the admission or rejection of evidence, or in the charge of the court or in refusing to charge as requested by plaintiff in error, and the judgment of the common pleas is affirmed.

*W. McE. Weldon*, City Solicitor:

*Brucker & Cummins*, for plaintiff in error.

*Douglass* and *Mengert*, for defendant in error.