## DAVID WILSON

*v.*

## MUNICIPALITY OF ARECIBO.

---

Mayaguez, Equity, No. 175.

1. **An order of court** refusing to allow plaintiff to file his case because certain prerequisites had not been complied with is not an adjudication of the rights of the parties.

Wilson v. Arecibo.

2. The statute of limitation does not run in favor of one maintaining a nuisance.

Order filed May 3, 1907.

_Messrs. Horton & Cornwell,_ solicitors for plaintiff.

_Francis H. Dexter, Esq.,_ solicitor for defendant.

RODEY, Judge, delivered the following opinion:

Some time since, in a somewhat lengthy opinion, we overruled a demurrer filed in this cause by the respondent, and stated that, under all the circumstances of the case, we would follow the practice adopted by the Supreme Court of the United States in a cause that is still pending therein, known as the Kansas-Colorado Water Rights Case [ 185 U. S. 125, 46 L. ed. 838, 22 Sup. Ct. Rep. 552]; that is, we would call for a complete answer and entire proofs, so as to be able intelligently to pass upon the question as to whether or not a nuisance is in fact being maintained by respondent, and whether complainant has, in fact, sustained special damages to himself in the premises.

Instead of complying with this order of the court the respondent, by its counsel, shortly thereafter filed pleas in the premises, first alleging that the matter was _res judicata_ between the parties because of two suits previously brought by complainant against this respondent in the district court of Arecibo, both of which, the plea sets out, were decided against him; and second, setting up the statute of limitations against the action.

III. PORTO RICO—3.

Wilson v. Arecibo.

We have examined the transcripts of record filed with these pleas, showing what the proceedings were in said insular district court in the two suits referred to, and we are of the opinion that they do not amount to a settling of the controversy between the parties on the merits, but, on the contrary, it is manifest that complainant simply was refused leave to file the suits referred to because of his failure to comply with certain formalities, and, therefore, that the matter is in no sense *res judicata.*

As to the plea of the statute of limitations, the answer to it is, that such a statute never runs in favor of a person or corporation maintaining a nuisance. No lapse of time will aid the defendant in that regard. As to our holding that the issue between these parties was not determined in the former alleged pleadings between them, we cite: Beach, Modern Law of Eq. Pr. § 309, citing Keller v. Stolzenbach, 20 Fed. 47; Badger v. Badger, 1 Cliff. 237, 245, Fed. Cas. No. 717; Haws v. Tiernan, 53 Pa. 192; Hughes v. United States, 4 Wall. 232, 18 L. ed. 303; Gardner v. Raisbeck, 28 N. J. Eq. 71. See also Keller v. Stolzenbach, 20 Fed. 49, where it was held that: "A decree under equity rule 38, dismissing the plaintiff's bill because of his failure to reply to a plea or set it down for argument, is not conclusive, since all the authorities agree that, in order to constitute the former judgment or decree a bar, it must appear that the point in issue was judicially determined after a hearing and upon consideration of the merits;" citing Hughes v. United States, supra; Homer v. Brown, 16 How. 354, 14 L. ed. 970; Story, Eq. Pl. ¶ 793.

On the question that the statute of limitations never runs in favor of one maintaing a nuisance, see Chapman v. Rochester, 110 N. Y. 273, 1 L.R.A. 297, 6 Am. St. Rep. 366, 18 N.

E. 88, and cases cited. The rule appears to be unquestioned that the statute does not run in such cases.

For these reasons the pleas will, for the present, be overruled, and the respondent required to answer, but without prejudice to the right of the court to further consider the plea of *res judicata* on the final hearing.