ERASTUS W. SEAMAN, Appellant, *v.* THE CITY OF NEW YORK,
Respondent.

Second Department, November 10, 1916.

Municipal corporations — waters and watercourses — liability of city of
New York for pollution of waters by sewers — damnum absque
injuria — rights of riparian owners of tidal waters.

The city of New York, maintaining its sewers as a governmental agency,
is not liable to the owner of a building for the damage resulting from
the pollution of the waters of Jamaica bay which are carried by tide
into a creek and from there led by the owner of the building into the
cellar and used for storing and washing oysters.

The loss of the owner of the building under such circumstances is *damnum
absque injuria.*

The rules of law governing the pollution of streams do not apply.

*It seems,* that a riparian owner on tidal waters has no right to have the
salt water as it is carried to and fro by the tide kept fit for human
use.

APPEAL by the plaintiff, Erastus W. Seaman, from a judgment of the Supreme Court in favor of the defendant, entered
in the office of the clerk of the county of Kings on the 31st day

of August, 1915, upon a decision of the court after a trial at the Kings County Special Term.

*Ralph G. Barclay* [*Robert Stewart* with him on the brief], for the appellant.

*George A. Green* [*Thomas F. Magner* and *Lamar Hardy* with him on the brief], for the respondent.

Judgment affirmed, with costs, upon the opinion of Mr. Justice BLACKMAR at Special Term.

JENKS, P. J., THOMAS, CARR, STAPLETON and RICH, JJ., concurred.

The following is the opinion of the court below:

BLACKMAR, J.:

The waters of Jamaica bay are polluted by the sewers maintained by the city and also from other sources. The water so polluted is carried by the tide into Indian creek and from there led by the plaintiff into the cellar of his building used for storing and washing oysters. Such pollution renders the premises unfit for such purposes and impairs its usable value to the extent of $500 a year. The damage also suffered from such cause amounts to $3,000. The sole question is whether defendant is liable for this damage.

The rules of law governing the pollution of streams do not apply. These rules depend on the right of the riparian owner to use the water, as it passes, for all domestic and industrial purposes, provided that he does not impair the like rights of proprietors below. This right is in the nature of a property right, and not even the Legislature can authorize its violation. Consequently municipalities have no right to collect and empty sewage into a stream to the prejudice of the proper use of the water by riparian owners below, even if authorized by the Legislature so to do. (*Chapman* v. *City of Rochester*, 110 N. Y. 273; *Sammons* v. *City of Gloversville*, 175 id. 346.)

But this is not a question of pollution of a stream. The most favorable statement of plaintiff's position is that he is a riparian owner upon tidal waters. The difference between

the rules of law applicable to streams and tidal waters is shown in the case of *Attorney-General* v. *Paterson* (58 N. J. Eq. 1) and *Sayre Co.* v. *Newark* (60 id. 361).

Whatever rights in tidal waters the plaintiff has are all comprised in the rights of access. There is in this case no trespass by casting sewage on plaintiff's land, as in the case of *Huffmire* v. *City of Brooklyn* (162 N. Y. 584) and *Bolton* v. *Village of New Rochelle* (84 Hun, 281), and there is no nuisance. The most that can be said is that the water has been rendered unfit for human consumption and that the plaintiff himself has so constructed his cellar as to lead the waters into his own premises, where he uses it for washing and storing human food. No right of his is violated unless a riparian owner of tidal waters has the right to have the salt water, as it is carried to and fro by the tide, kept fit for human consumption.

I am not aware that such a right has ever before been asserted much less sustained by the courts. The doctrine advanced by plaintiff, if maintained, would render illegal every sewer in the city of New York, for if plaintiff has the right to have tidal waters kept free from pollution, so has every owner of land abutting the tidal waters which wash up and down through the harbor of New York and the North and East rivers. The sewers are maintained as a governmental agency by the municipality under the authority of the Legislature; the injury to plaintiff is purely consequential and the case is governed by the doctrine plainly stated by the United States Supreme Court in *Scranton* v. *Wheeler* (179 U. S. 141) quoting from *Transportation Co.* v. *Chicago* (99 id. 635): "Acts done in the proper exercise of governmental powers, and not directly encroaching upon private property, though their consequences may impair its use, are universally held not to be a taking within the meaning of the constitutional provision." The plaintiff's loss is *damnum absque injuria.* Judgment for defendant, with costs.