Jack L. Jones et al., Appellants, *v.* Breyer Ice Cream Company, Respondent.

Fourth Department, March 14, 1956.

*G. Sydney Shane* for appellants.

*Joseph C. Dwyer* for respondent.

*Per Curiam.* The plaintiffs moved at Special Term, pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice, to strike out a separate and affirmative defense set forth in paragraphs 6–13, inclusive, of defendant's answer. The action is for injunctive relief and damages, it being alleged that the defendant discharged and continues to discharge " refuse and sewage " from its plant into a pond of the plaintiffs. The affirmative defense is that the defendant has acquired a prescriptive right to continue to discharge " water and waste milk " into the stream or pond by adverse user for upwards of fifteen years. The Special Term denied the plaintiffs' motion to strike out the defense, stating that although the facts alleged in the answer are not a defense to the cause of action set forth in the complaint, still the allegations might have some relation to the question of damages. We agree with Special Term that the affirmative defense should not be stricken out but we do not agree with the reason assigned for the denial of the motion. Clearly, if the affirmative defense was insufficient in law, it had no place in the answer. It is our opinion that the affirmative defense of prescriptive right is sufficient in law and should not be stricken out. The statement of this court, by way of dictum, in *Lumley* v. *Village of Hamburg* (181 App. Div. 441, 444) and referred to in *Forbes* v. *City of Jamestown* (212 App. Div. 332) was " It has become the settled law of this State that fresh water streams may not be polluted and that the right to pollute the same may not be acquired by prescription or any lapse of time." Such statement is the law only insofar as it is applied to a public nuisance. The rule is otherwise where the pollution amounts to no more than a private nuisance (*Bly* v. *Edison Elec. Illuminating Co.*, 172 N. Y. 1, 13). Farnham states the rule as follows: " A prescriptive right may be acquired, as against the rights of a private individual, to pollute the waters of a stream to a greater extent than is permissible of common right. But if the use of a stream by the upper proprietor is such as to constitute a public nuisance, or if the use is unlawful or forbidden by statute, no prescriptive right can be acquired even as against lower proprietors on the stream." (2 Farnham on Waters and Water Rights, § 521.) The acquisition of a prescriptive right to pollute a stream is recognized in this State as well as in other common-law jurisdictions. (*Townsend* v. *Bell*, 62 Hun 306, 311; *Storm King Paper Co.* v. *Firth Carpet Co.*, 184 App. Div. 514, 519. See, also, *Prentice* v. *Geiger*, 74 N. Y. 341, 346.) The rule

that a prescriptive right to the use of a stream may be acquired by adverse user is not limited to an upper riparian owner. The prescriptive right may be acquired by one who is not a riparian owner. That was recognized in *Knauth* v. *Erie R. R. Co.* (219 App. Div. 83) and in *Garwood* v. *New York Central & Hudson Riv. R. R. Co.* (83 N. Y. 400, 405–406).

The plaintiffs ask relief by reason of the discharge of '' refuse and sewage ''. The affirmative defense is the claim of a prescriptive right to discharge '' water and waste milk ''. Whether '' water and waste milk '' come within the meaning of '' refuse and sewage '' is a question to be determined at the trial.

The order insofar as appealed from should be affirmed.

All concur. Present — McCurn, P. J., Kimball, Wheeler and Williams, JJ.

Order insofar as appealed from affirmed, with $10 costs and disbursements.