Jesse C. Akely and Others, Respondents, *v.* G. Hermann Kinnicutt and Others, Copartners Doing Business under the Firm Name and Style of Kissel-Kinnicutt & Company and Another, Appellants.

First Department, March 21, 1924.

**Pleadings — action by 193 plaintiffs on separate causes of action to recover damages arising from purchase of corporate stock — all causes of action are based on false and fraudulent representations and conspiracy by defendants to induce public to purchase stock — plaintiffs may be joined in one action under Civil Practice Act, § 209 — said section not invalid as depriving defendants of jury trial in that number of peremptory challenges is curtailed — jurors — juror not disqualified who has opinion as to merits of case or has expressed one.**

One hundred and ninety-three plaintiffs may be joined in one action under section 209 of the Civil Practice Act, though each plaintiff states a separate cause of action against the defendants and demands a separate money judgment, where all the actions are to recover damages based on the false and fraudulent representations made to the several plaintiffs upon the purchase of stock in a corporation, and a charge of conspiracy by the defendants to induce the public to buy the stock, since the claim of each plaintiff arises out of the same transaction or series of transactions, that is, the general charge of conspiracy to induce the public to purchase the stock and the false and fraudulent representations made, and since all the causes of action have common questions of law and of fact, to wit, the facts of fraud, formation of conspiracy and the falsity of the prospectus, and since the joinder of the several plaintiffs and the separate causes of action will not tend to embarrass or delay the trial of the action but will, in fact, expedite the trial.

Section 209 of the Civil Practice Act which authorizes the joining of the several plaintiffs, each having a separate cause of action, is not unconstitutional as depriving the defendants of a jury trial on the ground that by combining the several actions the number of peremptory challenges is thereby curtailed, for the number of peremptory challenges is entirely within the discretion of the Legislature, and that restriction does not, therefore, render the section invalid.

A juror is not disqualified who has an opinion or has expressed one or who has decided a similar case adversely to the contention of either party, if he is able to state that he will put aside his opinion and render a verdict on the evidence impartially.

Appeal by the defendants, G. Hermann Kinnicutt and others, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of February, 1924, as denies their motion for an order directing the severance of the alleged causes of action of the respective plaintiffs herein, and separate prosecution and trial thereof, including the service by each plaintiff of a separate complaint wherein each alleged cause of action of such plaintiff will be separately stated and numbered.

*Cotton & Franklin* [*Joseph P. Cotton* of counsel; *Wilton Lloyd-Smith* with him on the brief], for the appellants Kinnicutt and others.

*Frank H. Hall* [*Joseph P. Cotton* of counsel; *Wilton Lloyd-Smith* with him on the brief], for the appellant Bedford.

*Austin, McLanahan, Merritt & Ingraham* [*H. Preston Coursen* of counsel], for the respondents.

McAVOY, J.:

One hundred and ninety-three plaintiffs are suing, each on a separate state of facts, asking separate judgments and all joining their causes in a single action, but each plaintiff's cause is separated into a distinct statement. Defendants ask that the actions be severed into 193 separate actions.

The plaintiffs are 193 persons who invested in a stock of an Illinois corporation known as the Temtor Corn and Fruit Products Company. They live in ten separate States and some reside in Canada. One hundred and eighty-one of them are non-residents. Five of the defendants are copartners in the firm of Kissel-Kinnicutt & Company, and they are sued as the underwriters of the stock who issued a prospectus describing its assets. One of the defendants is Edward T. Bedford, president of the Corn Products Refining Company.

Each case alleged in the complaint has a separate and distinct cause of action, but they are all brought into this single action to be tried at a single trial before one jury. The parties are not a class of investors nor do they sue as a class. They are not jointly interested in any one of the causes of action. Each plaintiff separately states his claim and its separate facts and each seeks a separate money judgment. The causes of action are founded upon the alleged fraud of defendants in representing the condition and financial responsibility of the Temtor Company, the stock of which these plaintiffs claim to have purchased. The fraudulent statements which it is claimed induced these plaintiffs to purchase the stock are contained in a prospectus issued in September, 1919. The prospectus is in the usual form in a letter from the executive of the new company and a report upon the value of the property of the company and its prospective earnings, by an engineering company.

The plaintiffs in every cause allege either that the purchase of the stock was entirely in reliance upon the prospectus or was in reliance upon advice of others who had been induced by the defendants to believe all the statements contained in the aforesaid prospectus. There is no purchase of the stock upon which any

of the causes of action is founded directly from the defendants. Section 209 of the Civil Practice Act, under which this form of action is thought to be authorized, provides as follows: "All persons may be joined in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist whether jointly, severally or in the alternative, where if such persons brought separate actions any common question of law or fact would arise; provided that if upon the application of any party it shall appear that such joinder may embarrass or delay the trial of the action, the court may order separate trials or make such other order as may be expedient, and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled."

There can be no doubt that this section of the Civil Practice Act in terms includes the class of cases which are united in this action. The claim of each respondent arose out of the same transaction or series of transactions, that is, the general charge is a conspiracy to induce the public to purchase stock by fraudulent means. The principal means of inducement for accomplishing the fraud of the conspiracy was the prospectus. The respondents are all united in the claim that in reliance upon the prospectus, directly or indirectly, they were induced to make the purchase. The prospectus in every instance either directly or through influenced intermediaries was the means of inducing the purchase of the stock through its fraudulent representations. Secondly, this section includes these causes because they have common questions of law and of fact, to wit, the facts of fraud formation of the conspiracy and the falsity of the prospectus are all identical in each case. The nature of the damage will be the same in each instance and the amount only different. The remaining condition upon which joinder is permitted under the section just cited, is that the joinder will not embarrass or delay the trial of the action. This can hardly be asserted in a case where the labor and expense of the parties, the burdens of the court and the prompt disposal of litigation are all advantaged if the joinder be permitted. The evidence with respect to the formation of the conspiracy, the acts of fraud, the falsity of the statements of the prospectus and the proof of the nature of damage will be identical and need be proven but once instead of 193 times before 193 juries. The opposite course which defendants claim they would prefer would subject the defendants to vexatious litigation multiplying the cases 193 times, the taking of depositions, wherever required, in 193 actions, although they are identical, and the use of 193 judges and juries in separate trials.

There is nothing in the contention that the presentation of so many claims in one suit would create confusion. There are many instances of specific items of damage of greater number being presented to a jury under proper instructions and with proper memoranda of the separate claims without any confusion resulting in the jury findings.

The respondents in this case might have assigned their claims to one person and then their claims might have been disposed of by one jury and one trial. Our opinion is that this section was designed to cover cases cognate to this. All the elements requisite for joinder, as above pointed out, are here combined; common questions of law and fact; claims arising out of the same transaction or series of transactions; and the result, that the joinder, instead of embarrassing or delaying the trial of the action, will facilitate and advance it.

The constitutional point raised under section 2 of article 1 of the Constitution is not found applicable. Defendants are not deprived of a jury trial in each case because of the combination of the causes in one single action. The defendants are, of course, entitled to preserve the substance of the right of trial by jury, but its details and the methods by which it shall be exercised and enjoyed are not circumscribed by any constitutional mandate. The aim is not to preserve mere matter of form and procedure, but substantive right. If substantive right is preserved, the procedure by which the result is reached is wholly within the discretion of the Legislature. (*Walker* v. *Southern Pacific Railroad*, 165 U. S. 593.) Such right remains inviolate if every question of fact between the litigants is submitted for decision to the jury. There is no inherent right to a form of selection of a jury. The principal objection to the procedure under the section quoted on a constitutional ground is that the number of challenges will be measurably curtailed by the joinder. This restriction, however, does not render the act void. The number of peremptory challenges to an array or panel of jurors is entirely within the discretion of the Legislature. (*Hayes* v. *Missouri*, 120 U. S. 68; *Walter* v. *People*, 32 N. Y. 147; *People* v. *Cosmo*, 205 id. 91.)

The defendants claim that a prospective juror who had sat upon a previous similar cause against the same defendant, and decided against him, would at common law have been disqualified and subjected to challenge for cause and that this right or challenge is rendered nugatory under section 209 of the Civil Practice Act, because the same jury which may decide some of the cases adversely to defendants will be prejudiced adversely in deciding other cases

in which the defendants' claims and proofs may have more merit.

At common law the objection that a juror had expressed an opinion or decided a case adversely to the contention of a party was good, but it is the current law of our State that a juror is not disqualified who has an opinion or has expressed one, or who has decided a similar case adversely to the contention of either party if he is able to state that he will put aside the opinion and render a verdict on the evidence impartially.

The order should be affirmed, with ten dollars costs and disbursements, with leave to the defendants to answer within twenty days from service of the order to be entered hereon upon payment of said costs.

DOWLING, FINCH and MARTIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to the defendants to answer within twenty days from service of order upon payment of said costs.