PATRICK A. DILWORTH and Others, Appellants, *v.* YELLOW TAXI CORPORATION, Respondent.

Supreme Court, Appellate Term, Second Department, June 30, 1926.

Municipal Court of City of New York — jurisdiction — joinder of parties and causes of action — complaint by five plaintiffs separately recites injuries to each, specifically alleges damages which each suffered, and demands separate judgment for each — Municipal Court has jurisdiction of action though aggregate of all amounts claimed is in excess of $1,000, exclusive of interest and costs — Civil Practice Act, § 209, applicable — each plaintiff is entitled to costs, if successful.

The Municipal Court of the City of New York has jurisdiction of a complaint by five plaintiffs which separately states the injuries to each and specifically alleges the damages which each one suffered, and demands a separate and distinct judgment, notwithstanding the fact that the aggregate of all the amounts claimed by the various plaintiffs is in excess of $1,000, exclusive of interest and costs.

Section 15 of the Municipal Court Code is effective to incorporate therein the provisions of section 209 of the Civil Practice Act, to the effect that all persons interested in one action as plaintiffs may sue in the same action when the requirements of the section exist.

Section 209 of the Civil Practice Act permits in addition to the joinder of plaintiffs, a joinder of causes of action, but each of the several causes retains its distinct identity, as though a separate action were instituted, so that each of the plaintiffs is entitled to costs if successful, and liable for costs in the event of non-success.

APPEAL by the plaintiffs from an order of the Municipal Court of the City of New York, Borough of Queens, Fourth District, denying a motion of the plaintiffs to have the case restored to the day calendar for trial.

*Hamill, Weinberg & Munro* [*James J. Munro* of counsel; *Aaron O. Weinberg* of counsel with him on the brief], for the appellants.

*William A. Kelleher* [*Frederick G. Rita* of counsel], for the respondent.

PER CURIAM. Order unanimously reversed upon the law, with ten dollars costs to appellants, and motion granted.

Five plaintiffs are joined in one action. The summons provides for separate judgment for each plaintiff. The complaint separately states the injuries to each of the plaintiffs and specifically alleges the damage which each one of the plaintiffs sustained and demands a separate and distinct judgment.

Notwithstanding the fact that the aggregate of all the amounts claimed by the various plaintiffs is in excess of $1,000, exclusive of interest and costs, the court, nevertheless, has jurisdiction of the subject-matter of the action. Section 15 of the Municipal Court Code is effective to incorporate into the Municipal Court Code the provisions of section 209 of the Civil Practice Act with reference to the joinder of plaintiffs. (*Ritz Carlton Restaurant & Hotel Co.* v. *Ditmars,* 203 App. Div. 748.) Subdivision 1 of section 27 of the Municipal Court Code expressly provides that " all questions as to the joinder of parties shall be determined by the provisions of law applicable to like cases in the supreme court." The meaning of the phrase " all persons may be joined in one action as plaintiffs," found in section 209 of the Civil Practice Act, is that such persons may sue in the same action when the requirements of the section exist. The several causes of action do not lose their identity and become merged or commingled into a new and single cause of action. The section provides, " and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled." Each cause of action retains its identity as if there had not been a joinder with other plaintiffs in suing in a single action.

The plan undoubtedly was that the several causes of action be tried in a single action and not that the causes of action be merged into and become a new cause of action. (*Peacock* v. *Tata Sons,* 206 App. Div. 145; *Akely* v. *Kinnicutt,* 208 id. 487; affd., with opinion, 236 N. Y. 466; *Forbes* v. *City of Jamestown,* 212 App. Div. 332; *S. L. & Co.* v. *Bock,* 118 Misc. 756.)

Section 209 of the Civil Practice Act permits, in addition to the joinder of plaintiffs, a joinder of causes of action. (*Fleitmann & Co.* v. *Colonial Finance Corp.,* 203 App. Div. 827.) It seems, therefore, that under the authorities it is the intention of section 209 to permit several plaintiffs to unite for enforcing their several claims in an action which was single in form, each of the several causes retaining its distinct identity as though a separate action were instituted. The purpose of the section has been stated by the Court of Appeals in *Akely* v. *Kinnicutt* (238 N. Y. 466) as follows: " Its purpose is to lessen the delay and expense of litigation by permitting the claims of different plaintiffs to be decided in one action instead of many when, although legally separate and distinct, they nevertheless

so involve common questions and spring out of identical or related transactions that their common trial may be had with fairness to the different parties."

The joinder does not lose to either the plaintiffs or the defendants the rights or privileges which each would have had if separate actions had been brought (*Akely* v. *Kinnicutt*, 208 App. Div. 487); therefore, each of the plaintiffs is entitled to costs if successful and is liable for costs in the event of non-success. Had the plaintiffs brought separate actions, the court would have had power to consolidate under section 96 of the Civil Practice Act. (*Goldey* v. *Bierman*, 201 App. Div. 527; *Gibbs* v. *Sokol*, 216 id. 260.)

All concur; present, CROPSEY, MACCRATE and LEWIS, JJ.