CARL A. LUTHER and Others, Plaintiffs, *v.* THERESA SILVER and Another, Defendants.

Supreme Court, Erie County, June 27, 1927.

Removal of causes — County Court to Supreme Court — County Court has jurisdiction of action to foreclose mechanic's lien for purpose of removal though amount is beyond jurisdiction of court — motion properly made, under Civil Practice Act, § 110, to remove to Supreme Court — costs allowed defendants.

On the trial of this action in the County Court of Erie county to foreclose a mechanic's lien on real property, it appeared that the amount of the lien was beyond the jurisdiction of the County Court. The contention of the defendants that since the County Court did not have jurisdiction to the amount of the lien, the situation is the same as though no action had been brought and that, therefore, this motion cannot be made, under section 110 of the Civil Practice Act, to remove the action to the Supreme Court, cannot be sustained. The

plaintiffs are entitled to an order transferring the cause to the Supreme Court of Erie county.

In view of the fact that the action came to trial, the defendants are allowed thirty dollars costs. Such allowance is made to defendants together and not to each defendant, since their interests in the action are the same, and since, though they appear by separate attorneys, both attorneys are engaged in practice together.

MOTION made under section 110 of the Civil Practice Act asking for an order removing the above-entitled action from the County Court of Erie county to the Supreme Court of Erie. county, on the ground that a mistake had been made in determining the court in which the action was brought.

*Alfred C. Ueck* [*Louis W. Manchester* of counsel], for the plaintiffs.

*Henry Stern*, for the defendant Theresa Silver.

*George Essrow*, for the defendant American Surety Company.

HARRIS, J. The action is one to enforce a mechanic's lien on real property. The defendant Silver appeared voluntarily herein and has answered. Prior to the commencement of the action an application was made to discharge the lien and to substitute in place thereof an undertaking, and an order to that effect was granted in the County Court and such undertaking was provided, with the defendant American Surety Company of New York as surety thereon. The action was brought to trial, and on the trial it appeared that the amount of the lien which the action was brought to enforce, to wit, the sum of $4,271.56, was an amount beyond the jurisdiction of the County Court of Erie county. (Lien Law, § 41.) Thereupon the court refused to proceed with the trial of the action, and the attorney for the plaintiffs, having been thus advised of his error in bringing this action in the County Court of the county of Erie, made the motion now under consideration.

On the argument of this motion the defendants have raised the point that so long as the County Court of Erie county did not have jurisdiction to the amount for which it was sought to enforce the lien, the situation is the same as if no action had been brought at all and that, therefore, section 110 of the Civil Practice Act would not apply and that this motion should be denied. However, I am of the opinion that service having been made of the summons herein, the County Court of Erie county has jurisdiction over the parties and over this action. It is true that the County Court, if a motion to dismiss, on the ground of lack of jurisdiction, were made, could have dismissed the action, but to grant an order of dismissal it would have had to have jurisdiction to do so.

In my opinion, this is an action that clearly comes within the provisions of section 110 of the Civil Practice Act and, therefore, the plaintiffs are entitled to an order transferring the above-entitled cause from the County Court of Erie county to the Supreme Court of Erie county.

In view of the fact that this action had proceeded to trial, I believe that there should be imposed in connection with this order certain costs which the plaintiffs should pay as a condition of such order being granted. I am, therefore, allowing the sum of thirty dollars to the defendants herein. Such allowance is made to the defendants together and not to each defendant, due to the fact that both defendants have the same interest in this action and, although they have appeared by separate attorneys, both attorneys are engaged in practice together.

Accordingly, an order based upon the above may be presented to me for signature.