HAROLD WEIS, an Infant, by JOHN WEIS, His Guardian ad Litem, and Another, Plaintiffs, *v.* " EDWARD " RICHARTZ, First Name " EDWARD " Being Fictitious, True First Name Being Unknown to the Plaintiff, Party Intended Conducting a Billiard Parlor at 830 Westchester Avenue, Bronx, New York, Defendant.

City Court of New York, Bronx County, October 13, 1927.

**City Court of New York — jurisdiction — action by one plaintiff to recover for personal injuries and by other for loss of services, etc., of first plaintiff — judgment demanded for $4,000 — court does not have jurisdiction under City Court Act, § 16, subd. 1 — complaint dismissed — Civil Practice Act, § 209, not applicable.**

The complaint in this action sets up two causes of action, one on behalf of the infant plaintiff to recover $3,000 for injuries suffered and the other on behalf of the father to recover $1,000 for loss of services and for medical care and attendance in the treatment of the infant, and the complaint demands a judgment for $4,000.

The City Court of the City of New York does not have jurisdiction of the action under subdivision 1 of section 16 of the City Court Act, since the complaint demands judgment for a sum exceeding $3,000 and interest. The mere fact that each plaintiff might have instituted a separate action, both of which would have been within the jurisdiction of the City Court of the City of New York, does not justify the court in assuming jurisdiction of this action, and, therefore, the complaint is dismissed.

Section 209 of the Civil Practice Act, which provides for the joinder of plaintiffs in one action, is not applicable when the effect of the joinder will be to give to the court in which it is permitted a monetary jurisdiction greater than that to which it is limited by the Constitution.

MOTION by defendant to dismiss the complaint upon the ground that the court has no jurisdiction.

*Propper & Lichtig* [*Karl Propper* of counsel], for the motion.

*Morris Gogolick,* opposed.

Donnelly, J. The complaint sets up two causes of action, the first by Harold Weis to recover for personal injuries in the sum of $3,000, claimed to have been inflicted upon him by the defendant in what is described as a billiard parlor conducted by the defendant, and the second by John B. Weis to recover the sum of $1,000 for loss of services and for medical care and attendance in the treatment of the infant for said injuries. In their complaint the plaintiffs demand judgment for $4,000, with costs and disbursements. The defendant moves to dismiss the complaint upon the ground that this court has no jurisdiction in actions to recover money where the complaint demands judgment for more than $3,000. By section 16, subdivision 1, of the City Court Act, which became effective January 1, 1927, it is provided: " The city court of the city of New York shall have original jurisdiction concurrent with the supreme court of the state of New York in the following cases: 1. In actions for the recovery of money only   *   *   *   in which the complaint demands judgment for a sum not exceeding three thousand dollars ($3,000) and interest   *   *   *." This statute followed the adoption of the amendment of the judiciary article of the Constitution of the State of New York, article VI, section 15 of which reads as follows: " The City Court of the city of New York is continued, and, from and after the first day of January in the second year following the adoption of this article, it shall have the same jurisdiction and power throughout the city of New York, under the name of the City Court of the City of New York, as it now possesses within the county of New York and the county of Bronx, and original jurisdiction concurrent with the Supreme Court in actions for the recovery of money only *in which the complaint demands judgment for a sum not exceeding three thousand dollars, and interest*   *   *   *." (Italics mine.) Prior to September 1, 1911, the jurisdiction of this court extended, *inter alia*, to cases against a natural person or against a foreign or domestic corporation wherein the complaint demanded judgment for a sum of money only; but, with certain exceptions not material to the question here, in those cases it was provided that the sum for which judgment could be rendered in favor of the plaintiff could not exceed $2,000, exclusive of interest. (Code Civ. Proc. §§ 315, 316.) By Laws of 1911, chapter 569, an attempt was made to increase the amount for which judgment may be rendered in favor of the plaintiff from $2,000 to $5,000, but the act was held unconstitutional (*Lewkowicz* v. *Queen Aeroplane Co.*, 207 N. Y. 290), and the limitation of $2,000 stood without change until the adoption of the constitutional amendment at the general election in 1925. In *Ralli* v. *Pearsall* (69 App. Div. 254, 256, 257) it was

held that section 316 of the Code of Civil Procedure does not operate to deprive the City Court of the City of New York of jurisdiction in an action brought to recover a greater sum of money than $2,000, but simply limits the amount of the judgment which can be rendered in such an action to $2,000. INGRAHAM, J., writing for a unanimous court, said: " The jurisdiction of the City Court is fixed by section 315 of the Code, which provides that ' the jurisdiction of the City Court of the city of New York extends to the following cases: 1. An action against a natural person * * * wherein the complaint demands judgment for a sum of money.' This was such an action. Section 316, providing that the judgment entered in such an action shall not exceed $2,000, does not affect the jurisdiction of the court in an action to recover a greater sum. It has jurisdiction of the action, but the judgment cannot exceed the amount specified. There is a plain distinction between the provision of the Code affecting the City Court of New York, and the provisions of the Constitution (Art. 6, § 14) limiting the jurisdiction of the County Courts to an action in which the complaint demands judgment for a sum not exceeding $2,000. As to such courts the jurisdiction of the court depends upon the amount demanded in the complaint; but as to the City Court, jurisdiction depends upon the nature of the demand of the complaint, and the limitation is as to the amount of the judgment that the court can award." In *Lewkowicz* v. *Queen Aeroplane Co.* (154 App. Div. 142, 155) the language used by INGRAHAM, J., in *Ralli* v. *Pearsall* (*supra*) was quoted with approval. In *Central Park-West 84th Street Corp.* v. *Cusack* (City Court of the City of New York, New York County Special Term, opinion by SHIENTAG, J., N. Y. L. J., Feb. 25, 1927), where the complaint demanded judgment for the sum of $3,228.33, with interest, in an action commenced in this court after January 1, 1927, the defendant moved to dismiss upon the ground that the court had no jurisdiction of the subject of the action, in view of the demand in the complaint for judgment in excess of $3,000. The plaintiff made a cross-motion to amend his complaint, so as to reduce the demand for judgment to the sum of $3,000, exclusive of interest. The first motion was granted and the second denied, the court holding after a discussion of authorities cited: " In the face of these decisions and in the light of the changed provisions of the new City Court Act, referred to earlier in the opinion, the questions presented by the pending motions can no longer be regarded as open ones in this State." In all of the cases cited *supra*, each of the actions was commenced by a single plaintiff. I am unable to agree with the contention of plaintiffs' counsel that section 209 of the Civil Practice

Act obviates, *first,* the necessity of bringing separate actions and, *second,* the necessary motion to consolidate under section 96 of the Civil Practice Act. Although the provisions of section 209 of the Civil Practice Act are applicable to all courts of record, the joinder of plaintiffs in one action which is contemplated by that section, cannot, in my opinion, be extended to those cases when the effect of the joinder would be to give to the court in which it is permitted a monetary jurisdiction greater than that to which it is limited by the Constitution. *Dilworth* v. *Yellow Taxi Corp.* (127 Misc. 543), cited by plaintiffs' counsel in support of such joinder, where the Appellate Term in the Second Department held that section 15 of the Municipal Court Code is effective to incorporate therein the provisions of section 209 of the Civil Practice Act, and that this is so even though the result may be to give the Municipal Court jurisdiction in excess of its monetary limitation of $1,000, was reversed by the Appellate Division, the court holding: " The jurisdiction of the Municipal Court is limited by section 6 of the Municipal Court Code. *There was only one action and but one summons, and the amount demanded in that summons exceeded $1,000. The Municipal Court, therefore, was without jurisdiction.*" (Italics mine; 220 App. Div. 772.) Motion to dismiss the complaint granted. In view of this decision, the plaintiffs' motion for leave to serve an amended complaint becomes unnecessary and it is, therefore, marked withdrawn. Order filed.