GITTEL DOBRIKIN and JOSEPH DOBRIKIN, Plaintiffs, v. UNION RAILWAY COMPANY, Defendant.

City Court of New York, November 25, 1927.

Courts — jurisdiction — City Court of City of New York has jurisdiction where several plaintiffs in one complaint each separately states his cause of action and demands separate judgment in amount not to exceed $3,000 — said court has jurisdiction of action by husband and wife in which complaint stated cause of action for each and separately demanded judgment for each for $3,000 — if complaint is served with summons and amount demanded therein exceeds $3,000, court has no jurisdiction — defect cannot be cured by amendment reducing amount — where summons is served without complaint and contains no statement of amount sued for, court has jurisdiction and may thereafter amend complaint if amount demanded is more than within jurisdiction of court — complaint defined — State Constitution, art. 6, § 15, and New York City Court Act, § 16, subd. 1, construed.

The City Court of the City of New York must entertain jurisdiction of a case where several parties are joined in a complaint as plaintiffs, because of common questions of fact or law involved, where each plaintiff separately states his cause of action and demands a separate judgment in an amount not exceeding $3,000, notwithstanding the fact that the aggregate demand of the plaintiffs would be in excess of $3,000.

Accordingly, the verdict of a jury of the City Court of the City of New York in plaintiffs' favor will not be set aside where the complaint, in which two parties are joined as plaintiffs, after separately setting forth two causes of action, one by a wife for personal injuries and one by the husband for loss of services and medical expense incurred by reason of the wife's injuries, separately demands judgment of $3,000.

If the complaint be served with the summons and the amount demanded in the complaint exceeds the $3,000 limitation, there is no jurisdiction and the defect cannot be cured by amendment reducing the amount demanded in the complaint so as to come within the jurisdictional limit of the court. But, where the summons is served without any complaint and contains no statement of the amount sued for, the court acquires jurisdiction and may thereafter amend the complaint if it demands judgment for more than the amount of the jurisdiction of the court.

The complaint is that portion of a pleading which states a plaintiff's cause of action and its demand for judgment; therefore, when the State Constitution (Art. 6, § 15) and subdivision 1 of section 16 of the New York City Court Act

speak of a complaint, it means the complaint of a particular plaintiff, or particular joint plaintiffs, or, in the case of a joinder of actions, as herein, a particular cause of action and demand for judgment by a particular plaintiff.

MOTION to set aside verdict for plaintiffs and for new trial.

*Joseph C. Thomson,* for the plaintiff.

*Alfred T. Davison* [*Edward A. Maher* of counsel], for the defendant.

EVANS, J. The test of jurisdiction of this court, in the cause of action at bar, is the amount demanded in the complaint. That is made the test both by the State Constitution (Art. VI, § 15) and the statute (New York City Court Act, § 16, subd. 1). At bar the complaint, in which two parties are joined as plaintiffs, sets forth two causes of action, one by a wife for personal injuries, and one by the husband for loss of services and medical expenses incurred by reason of the wife's injuries. Each of the plaintiffs separately states their complaint, in two causes of action alleged, and each separately demands judgment for $3,000. The husband has died, and his complaint, separately stated in one of the causes of action, fails of proof for want of the appointment of a personal representative. Anticipating such failure of proof, counsel for plaintiff moved to amend the complaint, at the commencement of the trial, by striking out the cause of action therein, relating to the husband's claim. The motion was granted; the case proceeded to trial on the wife's cause of action, and she has the verdict of the jury. Where the complaint is served with the summons and the amount demanded in the complaint exceeds the limitation, there is no jurisdiction, and the defect cannot be cured by amendment reducing the amount demanded in the complaint so as to come within the jurisdictional limit of the court. (*Heffron* v. *Jennings,* 66 App. Div. 443; *Halpern* v. *Langrock Bros. Co.,* 169 id. 464; *Mansson* v. *Nostrand,* 183 id. 371; *Gigliotti* v. *Jacksina,* 206 id. 368.)

But where the summons is served without any complaint, and contains no statement of the amount sued for, as is the situation at bar, the court has acquired jurisdiction, and may thereafter amend the complaint if it demands judgment for more than the amount within the jurisdiction of the court. (*Van Clief* v. *Van Vechten,* 130 N. Y. 571; *Gigliotti* v. *Jacksina,* 206 App. Div. 368.)

I further believe that this court must entertain jurisdiction of a case, where several parties are joined in a complaint as plaintiffs, because of common questions of fact or law involved, where each plaintiff separately states his cause of action and demands separate judgment, in an amount not exceeding $3,000, although the aggregate demand of all plaintiffs would be in excess of $3,000.

*Weis* v. *Richartz* (130 Misc. 583) and *Dilworth* v. *Yellow Taxi Corporation* (127 id. 543; revd., 220 App. Div. 772) are said to settle the question to the contrary. I think both cases are distinguishable.

The whole controversy depends upon the meaning to be given to the word " complaint," and the sense in which it was used by the framers of the Constitution and statute creating this court.

Before the enactment of the Civil Practice Act the word " complaint " was understood to mean the first pleading of a plaintiff or of several plaintiffs having some joint interest. It did not mean the cause of action of one of several plaintiffs, having no joinable interests other than the expediency of a joint trial. With the enactment of section 209 of the Civil Practice Act, the word " complaint " necessarily assumed a different definition. It still could be the first pleading of a party plaintiff or several parties plaintiff having some joint interest. But what did it mean with reference to each of several parties plaintiff, who joined in it for expediency only and solely because of common questions of law or fact? Surely the whole document was not the complaint of each party plaintiff, so united for the purposes of a joint trial. That portion of the complaint only which stated the cause of action of the particular plaintiff appertained to him. The rest of the complaint, stating the causes of action of other parties plaintiff, he had nothing whatever to do with. Such a document was in fact the several complaints of each party joined. It could not be the joint complaint of all, for there is no joint interest. If one party stated a good cause of action in the complaint, he could not be affected by the fact that the other plaintiff did not state a good cause of action in the same pleading. Such a pleading is in fact a series of complaints, embodied in one document. Still each plaintiff must have his own complaint. All of it is not his. Therefore, what is his complaint? It is that portion of it which states his cause of action and his demand for judgment. When, therefore, the Constitution and statute creating this court speak of a complaint, they must mean the complaint of a particular plaintiff, or particular joint plaintiffs, or in the case of a joinder, such as we find at bar, the particular cause of action and demand for judgment of a particular plaintiff. Otherwise, in the last instance, the Constitution and statute ignored an obvious situation. Such forgetfulness cannot be attributed to the people and Legislature. The creation of this court at a time when there was great calendar congestion in the Supreme Court, and all interested in the work of the courts know that one of the reasons for the creation of this new court was to ameliorate the delays that cases found in the

Supreme Court, by permitting some of the litigation that would ordinarily be brought in that court to find its way here.   So that if section 209 of the Civil Practice Act is so restricted in its application to this court that it is of no practical value to relieve the calendar congestion of the Supreme Court, the people and the Legislature did not fully accomplish what was intended.   It must be presumed that, when the people adopted the constitutional amendment that created this court, and that when the Legislature submitted it to the people for their approval, and subsequently enacted the New York City Court Act, it was done with the full knowledge of the existence of section 209 of the Civil Practice Act, and the changed concept of the word " complaint " since the adoption of section 209.   This court has jurisdiction of a case where " the complaint " demands judgment for a sum not exceeding $3,000.   If the complaint is merely the typewritten or printed paper, then two or more parties may not join as plaintiffs therein, and each demand $3,000 or less, if the total aggregates more than $3,000.   But if the word " complaint " as applied to the situation at bar means the " cause of action " and demand for judgment of each party, separately, then there is no constitutional or statutory prohibition to the jurisdiction of this court.

There is no doubt that each of these plaintiffs could have brought separate suits, and, on stipulation, they could have been tried before the same jury.·   The suits, if separately brought, might also have been consolidated, on the order of the court, and tried before the same jury.   But such procedure requires additional taxation of plaintiff, by way of fees for the filing of notes of issue, and fees for the jury.   By section 209 of the Civil Practice Act that taxation was decreased, as an inducement to litigants to lessen the burdens of the courts and perhaps their own.   Taxing litigants heavier fees, for the jury, for notes of issue, and for other modes of obtaining a jury trial, has been resorted to, for the purpose of diverting causes from the Supreme Court, in the First Judicial Department, to this and other courts.   By taking advantage of section 209 of the Civil Practice Act the litigant may save part of the usual cost of getting before a jury, and that is a substantial right.   It is no answer, therefore, to say that separate suits might have been brought.

I do not regard the decision of *Weis* v. *Richartz* (130 Misc. 583) as decisive of the question here raised.   In that case both plaintiffs, although separately alleging the amount of their damage, one at $3,000 and the other at $1,000, demand judgment, in the complaint, not separately, but jointly, in the sum of $4,000.   Since the test

of jurisdiction is the sum *demanded,* and not the items of damage alleged in the complaint, a single demand for $4,000 for two plaintiffs, jointly made, exceeds the jurisdiction of this court. That is all that the *Weis* case decides; and, as so construed, I am in accord with it. Thus where there is one demand for judgment, and the demand exceeds $3,000, there is no jurisdiction. At bar, the situation is different. Gittel Dobrikin demands judgment for $3,000. Joseph Dobrikin demands judgment for $3,000. Each demands what is within the power of the court to entertain.

It is said that *Dilworth* v. *Yellow Taxi Corporation* (127 Misc. 543; revd., 220 App. Div. 772), where the Appellate Division, Second Department, practically defined the word " complaint " contrary to the views expressed here, is authoritative at bar. I do not so regard it. The Appellate Division dealt with the definition of the word " complaint," as applied to the Municipal Court, in a statute adopted prior to the enactment of the Civil Practice Act. When the Legislature used the word " complaint " then, it had the ordinary meaning then in use. But when the Legislature and the people used the word " complaint," after the enactment of section 209 of the Civil Practice Act, it had the natural and ordinary meaning that it should have, in the light of the modernizing of the law of procedure. Motion to set aside the verdict and for a new trial denied.