[C. A. No. 38. Appellate Department, Superior Court, City and County of San Francisco.—December 10, 1930.]

THOMAS COLLA et al., Respondents, v. CARMICHAEL U–DRIVE AUTOS, INC. (a Corporation) et al., Appellants.

[1 Cal. Supp. 95.]

Barry J. Colding, Theodore Hale, P. B. Gibbs and Heller, Ehrman, White & McAuliffe, for Appellants.

John J. McMahon for Respondents.

JOHNSON, P. J.—The action was begun in San Francisco in the justices' court on September 26, 1929, at which time the statute gave that court jurisdiction in all cases at law in which the demand in controversy amounts to $1,000 or less (Code Civ. Proc., sec. 112). Judgment was rendered in favor of plaintiffs on June 13, 1930, before the merger of the justices' court into the present municipal court, which became effective on July 1, 1930.

The defendants attack the judgment solely on the ground that there was a misjoinder of the parties plaintiff, and that the amount of the demands in controversy, exceeding $1,000 in the aggregate, deprived the justices' court of jurisdiction.

The action grew out of a collision between an automobile driven by the plaintiff Thomas Evola and another automobile driven by the defendant Sheldon, and hired by him from his co-defendant. The plaintiffs, Colla, Montalbano, Silva and Jennie Evola were riding with Thomas Evola as his guests; and the plaintiffs having suffered personal injury by reason of the collision, which they attributed to the negligence of the defendant Sheldon, they joined in one complaint for recovery of their several damages.

The complaint is in five counts, setting forth distinctively the respective causes of action of the five plaintiffs, with a statement in each count of the damages sustained by the individual in whose behalf the claim is made. And the prayer of the complaint is not for the gross damages of all the plaintiffs, but asks a separate award to each for the damage suffered individually in accordance with the averments of the several counts.

Thus Colla sought recovery of $1,000, Thomas Evola of $900, Montalbano of $750, Silva of $500 and Jennie Evola of $800. These amounts aggregate $3,950.

After hearing the evidence the trial court gave a judgment for the plaintiffs awarding Colla $140, Thomas Evola $224, Montalbano $60, Silva $168 and Jennie Evola $548, these amounts totaling $1140.

If the awards sought by the complaint as a whole had not exceeded $1,000 there could scarcely be a dispute over the right of the plaintiffs, all injured in the same collision, to join in one action.

Section 378 of the Code of Civil Procedure provides: "All persons may be joined in one action as plaintiffs who have an interest in the subject of the action or in whom any right to relief in respect to or arising out of the same transaction or series of transactions is alleged to exist, whether jointly, severally, or in the alternative, where if such persons brought separate actions any question of law or fact would arise which are common to all the parties to the action; . . . and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled." \

This section corresponds with section 209 of the Civil Practice Act of New York, which was itself borrowed from the English Rules of Court.

The term "transaction", as here used, is not limited in meaning to a commercial negotiation or contract, but includes tortious or delictual doings as well. In Bliss on Code Pleading, section 125, the word is said to embrace "any occurrence between parties that may become the foundation of an action"; and in *Glide* v. *Kayser*, 142 Cal. 419, 420 [76 Pac. 50], the Supreme Court recognized that the word is comprehensive in meaning and, as used in section 442 of the Code of Civil Procedure, might permit a cross-complaint in an action founded on tort. The broad scope of the term is exhibited in the definition taken from the law dictionaries and adopted in *Scarborough* v. *Smith*, 18 Kan. 406, which is in these words: "Whatever may be done by one person which affects another's rights, and out of which a cause of action may arise is a 'transaction'."

We conclude, therefore, that the collision of the two automobiles was a transaction, out of which arose questions of law and of fact common to all the injured plaintiffs. Hence, there was no misjoinder because they united in one action instead of instituting five separate actions.

Speaking of the corresponding provision of the New York Practice Act, the court of appeals in *Akley* v. *Kinnicutt,* 238 N. Y. 466 [144 N. E. 682, 683], said: "Its purpose is to lessen the delay and expense of litigation by permitting the claims of different plaintiffs to be decided in one action instead of many, when, although legally separate and distinct, they nevertheless so involve common questions and spring out of identical or related transactions that their common trial may be had with fairness to the different parties."

See, also, *S. L. & Co.* v. *Bock,* [194 N. Y. Supp. 773], and *Metropolitan Cas. Ins. Co.* v. *Lehigh Valley R. Co.,* 94 N. J. L. 236 [109 Atl. 743].

The more serious question is that of jurisdiction.

█ The amount in controversy is usually determined for jurisdictional purposes by the *ad damnum* clause of the complaint. (7 Cal. Jur. 692.) In this instance, as has already been remarked, the complaint prayed for separate awards to the respective plaintiffs, each of whom set the damages individually claimed at not more than $1,000.

█ The court's jurisdiction extended to "all cases at law in which the demand . . . amounts to one thousand dollars or less". Must we then treat the entire complaint as a statement of a single "case" rather than of several "cases" incorporated, in the interest of administrative efficiency, in a formal presentation of the causes of the several complainants in one instrument for the purpose of a joint trial upon common questions of law and of fact?

In solving this question it should be borne in mind that section 378 and other related sections of the Code of Civil Procedure were adopted in 1927 for the very purpose of lessening delays, bettering procedure and expediting the final disposition of controversies. (*Joerger* v. *Pacific Gas & Elec. Co.,* 207 Cal. 8, 19 [276 Pac. 1017].) These plaintiffs might have brought five separate actions; and actions so brought might have been consolidated for trial. On the other hand, if begun at intervals, they might have taken

the time of five judges to hear repetition of substantially the same evidence with perhaps confusing results. It is assuredly far more sensible and expeditious, and far less expensive to the litigants, to determine the merits of the entire controversy upon a single set of pleadings and at one hearing. The defendants say that this ought not to have been done because the demands in the aggregate exceeded $1,000. We are of the opinion, however, that the five separate ''cases'' did not combine to form a new ''case'' because they were united in a comprehensive complaint for purposes of trial.

The word ''case'', as used in law, is defined in the Standard Dictionary as ''a state of facts constituting a cause of action submitted for judicial decision.'' And in *Calderwood* v. *Peyser*, 42 Cal. 110, 115, it is said that ''A case is a state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice.'' The term is to be treated then as synonymous with ''cause of action'', in contradistinction to the action itself.

In the complaint filed, each ''case'' or cause of action preserved its identity and each plaintiff prayed for and obtained a segregated award based on the damages individually proved. The code section contemplates of course an action single in form, but with each ''case'' or demand retaining its distinctive identity as though pleaded in an independent action. No plaintiff is interested in the entire complaint. The interest of each is in his own ''case'' or cause of action; and the complaint as a whole is merely a series of ''cases'' embodied in one document.

The institution of a joint action thus amounts to an election to consolidate at the outset several causes of action for trial instead of bringing several actions based on common grounds, and then having them consolidated later.

Such is the prevailing, though not unanimous, construction given to the corresponding section of the New York Practice Act.

In *Dilworth* v. *Yellow Taxi Corp.*, 127 Misc. Rep. 543, [216 N. Y. Supp. 513, 515], five plaintiffs, as here, joined in an action in the municipal court to recover damages for personal injuries. The cause of each plaintiff was separately stated with demand for an individual award,

but, because the aggregate of the amounts prayed exceeded the jurisdictional limit of $1,000, the municipal court denied the plaintiff's motion to set the action for trial. This order was reversed on appeal to the appellate term of the Supreme Court, where it was held that the several causes of action did not merge into a new and single cause, but that each retained its identity, and that the "joinder did not lose to either the plaintiffs or the defendants the rights or privileges which either would have had if separate actions had been brought". The defendant then appealed from the decision of the appellate term to the appellate division, second department, which, with two of the five judges dissenting, reversed the decision of the appellate term in a memorandum stating: "There was only one action and but one summons, and the amount demanded in that summons exceeded $1,000. The municipal court, therefore, was without jurisdiction." (*Dilworth* v. *Yellow Taxi Corp.*, 220 App. Div. 772 [221 N. Y. Supp. 813].) It is to be noted here that the municipal court was established before the adoption of section 209 of the Practice Act.

This ruling was followed by the City Court of New York in *Weis* v. *Richartz*, 130 Misc. Rep. 583 [224 N. Y. Supp. 416], where father and minor son joined in a complaint embodying two causes of action, one for injury to the son, the other for recompense to the father for loss of the son's services and for cost of medical care. In that case the complaint, instead of praying for separate awards, demanded damages in the gross amount of $4,000. This amount being beyond the jurisdictional limit of $3,000, the court ruled in accordance with the final decision in the Dilworth case and dismissed the complaint.

These cases were, however, distinguished in *Dobrikin* v. *Union R. Co.*, 130 Misc. Rep. 796 [225 N. Y. Supp. 376, 377], which came to a hearing shortly afterward in the City Court of New York. In that case, husband and wife joined in a complaint containing two causes of action; one on behalf of the wife for personal injuries, the other on behalf of the husband for loss of service and medical expense. Each plaintiff demanded a separate award of $3,000. The court, there asserting its jurisdiction, said: "I further believe that the court must entertain jurisdiction of a case, where several parties are joined in a complaint

as plaintiffs, because of common questions of fact or law involved, where each plaintiff separately states his cause of action and demands separate judgment, in an amount not exceeding $3,000, although the aggregate demand would be in excess of $3,000.'' And the court expressed the view that inasmuch as the act establishing the city court was passed after the adoption of section 209 of the Practice Act, it was to be presumed that the word ''complaint'', as used in the creative statute, was meant to be applied, in case of joinder of plaintiffs under section 209, not to all the causes of action collectively, but to the several causes distributively.

The court further declared that it did not feel bound by the Dilworth decision, since in that case the appellate division had been dealing with the definition of the word ''complaint'' as applied to the municipal court in a statute adopted before the enactment of the Practice Act. Upon this point the court said: ''When the legislature used the word 'complaint' then, it had the ordinary meaning then in use. But when the legislature and the people used the word 'complaint' after the enactment of section 209, Civil Practice Act, it had the natural and ordinary meaning that it should have, in the light of the modernizing of the law of procedure.''

As to the case of *Weis* v. *Richartz,* 130 Misc. Rep. 583 [224 N. Y. Supp. 416], the court pointed out that the test of jurisdiction was the sum demanded, and that the two plaintiffs joining in that action, though separately alleging their respective damages, had demanded judgment, not separately, but jointly in the sum of $4,000.

The question of jurisdiction was again presented in *Spetler* v. *Jogel Realty Co.,* 224 App. Div. 612 [231 N. Y. Supp. 517]. This case likewise arose in the city court; and three plaintiffs who had all been injured in the same accident joined in a complaint in four counts with a separate demand of $3,000 upon each count.

Upon a judgment for specific sums in favor of the plaintiffs severally, the defendant took an appeal to the appellate term of the Supreme Court, which, following the memorandum decision of the appellate division, second department, in the Dilworth case, reversed the judgment for want of jurisdiction in the city court. The plaintiffs then prose-

cuted an appeal to the appellate division, first department, which, instead of accepting the ruling of the second department in the Dilworth case, unanimously approved and followed the opinion rendered in the city court itself in *Dobrikin* v. *Union R. Co.*, 130 Misc. Rep. 796 [225 N. Y. Supp. 376], and accordingly reversed the determination of the appellate term and affirmed the judgment of the city court.

Thereafter in *Sirop* v. *Bernard Greenwood Co.*, 134 Misc. Rep. 836 [236 N. Y. Supp. 588], upon a motion in the municipal court to dismiss for lack of jurisdiction, that court elected to govern itself by the decision of the first department of the appellate division in the Spetler case in preference to the earlier decision of the second department in the Dilworth case; and the motion to dismiss was therefore denied.

Under our own statute, we are not confronted with the technical meaning to be ascribed to the word "complaint". The jurisdiction of our justices' and likewise our municipal courts extends to "cases" in which the demand does not exceed a specified maximum; and when there is a joinder under section 378 of the Code of Civil Procedure, we are of the view that the "case" of each plaintiff is his individual cause of action and demand. And though the aggregate of the amounts demanded by the plaintiffs severally exceeds the jurisdictional maximum of a single "case", yet if the individual demands are each within the prescribed monetary limit, no constitutional or statutory inhibition bars the plaintiffs from enjoyment of the privileges accorded by the code section. This view finds confirmation under a different situation in *Winrod* v. *Wolters*, 141 Cal. 399 [74 Pac. 1037, 1038]. That was an action instituted in the superior court by several laborers, each having an individual claim of less than $300. At that time actions on contract in which the demand did not amount to $300 had to be brought in the justice's court. Judgment in the superior court having gone in favor of the plaintiffs in their joint action, the defendants moved to quash the writ of execution issued upon the judgment. That motion having been granted, the plaintiffs appealed to the Supreme Court. Upon that appeal the order quashing the execution was affirmed, the court saying: "The

complaint in this action shows affirmatively that no plaintiff has a claim against the corporation defendant equal to or greater than three hundred dollars; it also shows that plaintiffs had no joint interest in the aggregate of their claims, but that each had a separate claim, and was entitled only to a separate judgment against the corporation for the amount of the claim. The court, therefore, had no power to enter the joint judgment that it did enter, and, the several claims each being less than three hundred dollars, no jurisdiction of the subject matter of the action. The judgment was therefore void on the face of the record, and the execution likewise void."

At the time when the present action was brought the plaintiffs had the right to avail themselves of the advantages given by section 378 of the Code of Civil Procedure, and the jurisdiction of the justices' court had been extended to cases involving as much as $1,000. Since none of the plaintiffs made demand for more than $1,000, the justices' court, under the ruling in *Winrod* v. *Wolters, supra,* was the only court in which plaintiffs could seek their remedy; and if action had been begun in the superior court, any judgment there rendered in favor of plaintiffs would have been void on its face and hence uncollectible.

We conclude, therefore, that the judgment is not subject to attack on jurisdictional grounds; and there being sufficient evidence in its support, the judgment is affirmed.

Cabaniss, J., and Goodell, J., concurred.