EMILY DEAL and Another, Plaintiffs, *v.* ZARELLI REALTY CORPORATION, Defendant.

City Court of New York, Richmond County, June 29, 1933.

*Philip Weiss*, for the plaintiffs.

*Francis P. Farrell*, for the defendant.

WEDEMEYER, J. This is a motion for an order vacating the dismissal of the complaint and granting plaintiffs a stay of all proceedings, including the entry and execution of a judgment herein, under section 110 of the Civil Practice Act. This case is one of negligence brought by two plaintiffs, wife and husband, for damages; the former seeking damages for personal injuries in the sum of $3,000, and the other for loss of his wife's services in the sum of $1,000. The action was brought to trial, and, on motion of the defendant, made at the opening of the trial, an order was made

dismissing the complaint for lack of a monetary jurisdiction of this court, in accordance with a recent decision of the Appellate Term of the Second Judicial Department, in the case of *Rivisto* v. *New York Telephone Company* (148 Misc. 864). The appellate tribunal, in the case cited, stated: " Whether the complaint is considered as it was served or as amended, it sought recovery for an amount beyond the jurisdiction of the City Court. The motion made at the opening of the trial to dismiss for lack of jurisdiction should have been granted." The propriety of the ruling made by the trial court is now questioned by the plaintiffs claiming that the dismissal of the complaint was erroneous in view of section 110 of the Civil Practice Act, which it is claimed precluded the court from proceeding with the trial and taking any action.

In the Second Judicial Department of this State it is held that, where a complaint demands judgment for several plaintiffs named therein for sums, each under the jurisdictional limitation of the court, but in the aggregate in excess thereof, and the complaint was served with the summons, jurisdiction of the action is precluded. (*Dilworth* v. *Yellow Taxi Corporation*, 220 App. Div. 772; revg. 127 Misc. 543.) This pronouncement of law, however, is not in accord with the decisions of the First Judicial Department. (*Spetler* v. *Jogel Realty Co.*, 224 App. Div. 612, 614; *Dobrikin* v. *Union Railway Co.*, 130 Misc. 796.)

Owing to the conflicting decisions in the First and Second Judicial Departments, the plaintiffs claim they made a mistake in the monetary jurisdiction of this court. That such a mistake in this court was made is evident, and plaintiffs should not now be penalized by a dismissal of this action.

Section 110 of the Civil Practice Act provides that an action shall not fail or be dismissed because of a mistake in the court in which the action is brought, and that in such a case a justice of the Supreme Court may remove the action to the proper court. The section further provides that, where an order for removal is made, all subsequent proceedings must be the same as if the action had been instituted in the court to which removal is made. This action, in my opinion, comes squarely within the purview of said section. (*Luther* v. *Silver*, 130 Misc. 21.)

The defendant, in opposing this motion, urges that the ruling of both the Appellate Term and the Appellate Division of this department in the case of *Rivisto* v. *New York Telephone Company* (*supra*) is binding upon this court, and disposes of the question presented upon the hearing. In this contention the court does not concur. The ruling in such case is not controlling. It does not appear that the point raised upon this motion was ever submitted to or

considered by the appellate tribunal upon the hearing of the *Rivisto* action.

Section 110 formed a part of the Civil Practice Act at the time of its enactment on May 21, 1920 (Laws of 1920, chap. 925), and became effective October 1, 1921.

While prior to the latter date the law was well settled in this State that a dismissal for lack of jurisdiction did not strip the court of power to render judgment for the costs (*Gaines* v. *City of New York*, 215 N. Y. 533, 540), in view of section 110, such ruling is not now controlling on the question under consideration.

Adhering to the foregoing expression, it follows that the motion should be granted to the extent of vacating the order of dismissal herein. Application for a stay of proceedings is denied.

The court is precluded from proceeding further in the case because of lack of jurisdiction. Submit order on two days' notice.