JOSEPHINE DE LISA and Another, Plaintiffs, *v.* TRIFOGLIO CONSTRUCTION CO., INC., Defendant.

City Court of New York, Richmond County, July 11, 1933.

*Bregoff & Bregoff*, for the plaintiffs.

*William A. Earl*, for the defendant.

WEDEMEYER, J.   This is a motion to reargue plaintiffs' motion for an order of discontinuance of the action and for the vacation of the dismissal of the complaint herein, and for such other and further relief as may be just.

This case is one in negligence brought by two plaintiffs, daughter and father, for damages; the former seeking damages for personal injuries in the sum of $3,000, and the other for medical expenses incurred in behalf of his daughter in the sum of $1,000.   The action was brought to trial, and at the opening of the trial an order was made dismissing the complaint for lack of a monetary jurisdiction of this court in accordance with a recent decision of the Appellate Term of the Second Judicial Department in the case of *Rivisto* v. *New York Telephone Company* (148 Misc. 864).   The appellate tribunal, in the case cited, stated: " Whether the complaint is considered as it was served or as amended, it sought recovery for an amount beyond the jurisdiction of the City Court.   The motion made at the opening of the trial to dismiss for lack of jurisdiction should have been granted."   In accordance with this ruling the trial court rendered its decision as aforesaid.   However, upon a reconsideration of the propriety of such ruling upon this application, the court is now of the opinion that no action should have been taken by it on any of the motions presented at the opening of trial herein, in view of section 110 of the Civil Practice Act, which precluded the court from proceeding with the trial.

Section 110 of the Civil Practice Act provides that an action shall not fail or be dismissed because of a mistake in the court in which the action is brought, and that in such case a justice of the Supreme Court may remove the action to the proper court.   The section further provides that where an order for removal is made, all subsequent proceedings must be the same as if the action had been instituted in the court to which removal is made.   This action, in my opinion, comes squarely within the purview of said section. (*Luther* v. *Silver*, 130 Misc. 21.)

In the Second Judicial Department of this State it is held that

where a complaint demands judgment for several plaintiffs named therein for sums, each under the jurisdictional limitation of the court but in the aggregate in excess thereof, and the complaint was served with the summons, jurisdiction of the action is precluded. (*Dilworth* v. *Yellow Taxi Corporation*, 220 App. Div. 772, revg. 127 Misc. 543.) This pronouncement of law, however, is not in accord with the decisions of the First Judicial Department. (*Spetler* v. *Jogel Realty Company*, 224 App. Div. 612, 614; *Dobrikin* v. *Union Railway Co.*, 130 Misc. 796.)

Owing to the conflicting decisions in the First and Second Departments, the plaintiffs claim they made a mistake in the monetary jurisdiction of this court. That such a mistake was made is indeed apparent. It does not appear that section 110 of the Civil Practice Act was ever submitted to or considered by the appellate tribunals of this Department in connection with a motion for an order of dismissal of the complaint under the circumstances as disclosed herein. Accordingly, in my opinion, the ruling of both the Appellate Term and the Appellate Division of this Department is not controlling.

Section 110 formed a part of the Civil Practice Act at the time of its enactment on May 21, 1920 (Laws of 1920, chap. 925), and became effective October 1, 1921. While prior to the latter date the law was well settled in this State that a dismissal for lack of jurisdiction did not strip the court of power to render judgment for the costs (*Gaines* v. *City of New York*, 215 N. Y. 533, 540), in view of section 110 such ruling is not now controlling on the question under consideration.

In the interest of justice plaintiffs' action should be restored to the position it had prior to the dismissal thereof, and plaintiffs be permitted to take such action or proceeding as they may be advised.

Adhering to the foregoing expressions, it follows that the motion should be granted to the extent of vacating the order of dismissal of the complaint and all subsequent proceedings taken thereon. The court is precluded from proceeding further in the case because of lack of jurisdiction. Submit order on notice.