NORA MURTAGH and Another, Plaintiffs, *v.* KEYSTONE TRANSPORTATION CO., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, March 7, 1934.

*John J. Dempsey*, for the plaintiffs.

*A. Bertram Samuels*, for the defendant.

LEWIS, DAVID C., J. Two separate plaintiffs join in the institution of this action. The body of the summons contains a demand for judgment in the sum of $1,250. The indorsement on the summons separates the causes of action and seeks $1,000 damages for the wife and $250 for the husband. The defendant moves to dismiss on the sole ground that the $1,250 demand for judgment embodied in the face of the summons deprives this court of jurisdiction.

While expressions are found warranting, if not inviting, the conclusion that such demand for a single judgment spells fatality, one hesitates to unnecessarily embrace such a conclusion.

Here we are dealing with a joint action — not a joint cause of action. Hence, to read into this case a demand for a joint judgment is in contradiction of the facts and inconsistent with the law. Two individual plaintiffs prosecute two independent causes of action; both born of the same single event.

While neither plaintiff could demand or recover in excess of $1,000, the court has jurisdiction to award each a separate judgment up to $1,000. The indorsement on the summons makes the separation complete. We cannot physically, we should not legally, divorce the indorsement on the back of the summons from the demand in the body of the summons.

Some may doubt the right; none can dispute the necessity to consolidate and simplify litigation.

In line with this very object, section 209 of the Civil Practice Act permits a joint action to enforce the several claims of individual plaintiffs. In such an action a single judgment is not sought — separate judgments must be rendered.

The defendant would not question that this action is brought pursuant to the provisions of section 209 of the Civil Practice Act. Yet it would have the law deny what defendant does not dispute. These are the facts and this is the law, to neither of which the defendant can take exception. Where such is the case, the demand for judgment must be construed accordingly.

To hold in this case that the plaintiff's omission to formally demand separate judgments, or the inadvertent error of the demand for a single judgment is fatal, is in bad taste in a day of general impatience with anything resembling legalistic refinement.

Unfortunately, the published rulings on this question leave something to be desired in the way of concurrence and conclusiveness. (See *Dilworth* v. *Yellow Taxicab Co.*, 220 App. Div. 772, revg. 127 Misc. 543; *Spetler* v. *Jogel Realty Co.*, 224 App. Div. 612; *Dobrikin* v. *Union Rys.*, 130 Misc. 796; *Weis* v. *Richartz*, Id. 583.)

But a ruling of the Appellate Term of the First Department in the action of *Newman* v. *Berhanke* (not officially reported) at least puts this court on safe ground. For I am advised that in that particular instance a situation precisely like that now before the court was before the Appellate Term. The face of the summons demanded a judgment for $1,200 and the indorsement divided the case into separate causes of action — one for the wife for $1,000 and the other for the husband for $200. Upon appeal the jurisdiction of our court was sustained.

One is again reminded of the need of one common court of competent jurisdiction to competently cope with every man's case.

Motion to dismiss for lack of jurisdiction is denied.