LOUIS HARBRECHT and EDNA HARBRECHT, Plaintiffs, *v.* THOMAS DUFFY, Defendant.

Municipal Court of New York, Borough of Queens, Second District, December 10, 1935.

*Nathaniel H. Schackman*, for the plaintiff Edna Harbrecht.

*Morris Grossman*, for the defendant.

O'ROURKE, J.   The causes of action stated in the summons read: " Louis Harbrecht: Action for damages for property damages, personal injuries and loss of services sustained on Feb. 25th, 1935, at 205th Street and 115th Avenue, St. Albans, due to negligence of defendant in the ownership, operation of his automobile No. 1Q32–18 N. Y. when same ran into plaintiff's automobile, with no fault on his part.   Damages Three Hundred Dollars."

" Edna Harbrecht: Action for damages for personal injuries sustained in above accident while a passenger in automobile of Louis Harbrecht."

The total sum demanded on the face of the summons is $1,000.

After trial, the jury rendered a verdict in favor of the plaintiff Louis Harbrecht for property damages and dismissed the cause of action of the plaintiff Edna Harbrecht for personal injuries.   Louis Harbrecht taxed costs against the defendant on his verdict, and the defendant taxed costs against Edna Harbrecht on the dismissal of her cause of action.

The motion now before me is to vacate the judgment for costs entered by the defendant against the plaintiff Edna Harbrecht.

The plaintiff strenuously urges the point that Louis Harbrecht was the prevailing party and that there can be but one bill of costs in the action, and cites *Salimoff & Co.* v. *Standard Oil Co.* (259 N. Y. 219, 222, decided June 1, 1932), wherein it is stated, to quote the language most favorable therein to the plaintiff's contention:

" True, after the cause of action has been established in favor of the plaintiffs against the defendant, there may be separate elements of damage for each plaintiff, but this frequently happens in foreclosure actions, mechanic lien cases and equity cases generally. The practice is not unfamiliar to the courts. The very purpose sought to be accomplished by section 209 would be somewhat frustrated if by consolidation into one action, costs were allowed on the basis of separate actions.

"As the successful plaintiffs can recover but one bill of costs, and the defendant but one bill of costs against the unsuccessful plaintiffs, security should be required, under section 1522, in the sum of $250 from the non-resident plaintiffs, and no more."

The plaintiff further contends that, since *Dilworth* v. *Yellow Taxi Corp.* (127 Misc. 543, 545) was decided on June 30, 1926, Appellate Term, Second Department, it is no longer to be considered the law, as it has been overruled by the *Salimoff Case (supra)*.

I think not. The most that can be claimed for the *Salimoff* case is that it states the law in reference to the sections of the Civil Practice Act, which it discusses, and nowhere therein is reference made to any section of the Municipal Court Code.

Section 15 of the Municipal Court Code provides that: " Except as otherwise provided in this act," etc., the practice and procedure shall conform to like causes in the Supreme Court.

Section 164 of the Municipal Court Code is as follows: " Sums allowed. In all actions there shall be allowed to the prevailing party," etc., and the following subdivisions provide for the taxing of costs in every possible contingency. ( *Kohlberg* v. *Halloran*, 133 Misc. 304; *Dunne* v. *New York Telephone Co.*, 107 id. 439.) It would seem, therefore, that the sole question to be determined is, Who are the prevailing parties?

In *Hansen* v. *Levy* (139 Misc. 693, 694), Appellate Term, Second Department, decided October 31, 1930, it is stated: " The words ' prevailing party ' can have no other meaning except the party in whose favor judgment should be entered. (*Dunne* v. *New York Telephone Co.*, 107 Misc. 439.) " See, also, *Cassesa* v. *New Star Boarding & Livery Stable, Inc.* [Mun. Ct. N. Y.] 187 N. Y. Supp. 703.)

The question of the right of the plaintiffs herein to join their several causes in a single action is not questioned. (Civ. Prac.

Act, § 209.) This privilege in turn carries with it certain responsibilities as stated in *Dilworth* v. *Yellow Taxi Corp.* (*supra*): " The joinder does not lose to either the plaintiffs or the defendants the rights or privileges which each would have had if separate actions had been brought (*Akely* v. *Kinnicutt*, 208 App. Div. 487); therefore, each of the plaintiffs is entitled to costs if successful and is liable for costs in the event of non-success. Had the plaintiffs brought separate actions, the court would have had power to consolidate under section 96 of the Civil Practice Act. (*Goldey* v. *Bierman*, 201 App. Div. 527; *Gibbs* v. *Sokol*, 216 id. 260.)"

The defendant having prevailed in so far that he is entitled to have judgment entered dismissing plaintiff Edna Harbrecht's complaint for personal injuries, he is the prevailing party, and, if the prevailing party, he is entitled to costs.

It, therefore, follows that the motion should be denied.